Terrett *v.* Town of Sharon.

# SUPREME COURT OF ERRORS.

## COUNTIES OF FAIRFIELD AND LITCHFIELD.

### FEBRUARY TERM, 1867.

Present,

HINMAN, C. J., BUTLER, McCURDY, PARK AND CARPENTER, JS.

---

JOHN C. TERRETT AND OTHERS *vs.* THE TOWN OF SHARON.

Where the town of *S*, in January 1865, voted to pay " the sum of one hundred " and fifty dollars to every non-commissioned officer and private who has vol- " unteered and been credited to this town, who has served six months or has been " honorably discharged on account of wounds or disease contracted in the ser- " vice ; also to every man who has been or shall hereafter be drafted into the ser- " vice of the United States and serve in person or furnish an acceptable substitute ; " also to every man who has furnished or who shall furnish a substitute and be " credited to this town," and in September following, before any payments were made, or orders drawn, or any person had been drafted, or furnished a substitute, or otherwise acted on the faith of the vote, the town rescinded it ; and sundry tax payers of the town brought their petition to enjoin the officers and agents of the town from carrying the rescinded vote into effect ;—it was held,—1. That the vote, although illegal when passed, was validated by the act of June 29th, 1865. 2. That such validation extended no further than to make the vote as valid as if originally authorized by law, and did not make it absolutely obligatory upon the town. 3. That such vote did not *per se* vest a right to the sum voted in the persons contemplated by it, and it was competent for the town to rescind it. 4. That an injunction to restrain the officers and agents of the town from carrying the rescinded vote into effect, should be granted, on the application of a tax payer of the town.

PETITION for an injunction, brought to the superior court for Litchfield county. The petition alleged the following facts.

VOL. XXXIV.        14

That the town of Sharon, at a town meeting legally called and held on the 9th day of January, 1865, passed the following resolution :—" *Resolved,* that the sum of one hundred and fifty dollars be paid to every non-commissioned officer and private who has volunteered and been credited to this town, who has served six months, or has been honorably discharged on account of wounds or disease contracted in the service ; also to every man who has been or shall hereafter be drafted into the service of the United States, and serve in person or furnish an acceptable substitute ; also to every man who has furnished or shall furnish a substitute, and be credited to this town." " *Resolved,* that the sum of fifteen thousand dollars be raised for this purpose, and that a tax of one per cent. on the dollar be laid on the assessment list of 1864, and collected at the same time and in the same manner as the annual tax, and that the selectmen be empowered to use the same as needed." That afterwards, on the 6th day of October, 1865, at a town meeting legally warned and held, the following resolution was passed :—" *Resolved,* that the votes taken at the meeting of the 9th of January, 1865, be reconsidered and rescinded." That no person entered the military service of the United States upon the credit of the town or was drafted into the service from the town, or furnished a substitute who was credited to the town, after the passage of the vote of January 9, 1865, but that a large number of persons made a claim upon the town for the bounty provided by that vote, by reason of having volunteered into the service or furnished a substitute, and been credited to the town, before the passage of the vote. The petition further averred that the selectmen of the town had made out a rate bill for the collection of the tax provided for by the vote of January 9, 1865, for the purpose of paying the bounty to the persons claiming the same, and had placed it in the hands of the tax collector of the town for collection, and were about to draw orders on the town treasurer in favor of such claimants, and prayed for an injunction against the town, the selectmen and the collector, forbidding the collecting of the tax and the drawing and paying of any such orders.

The respondents demurred to the petition, and the case was reserved upon the demurrer for the advice of this court.

The act of November 13, 1863, referred to in the opinion, is given in full in 32 Conn. R., page 49 ; and that of July 6, 1864, in 33 Conn. R., page 410. That of June 29, 1865, validates all votes and acts of towns, passed and done without authority of law, for the purpose of defraying the expenses of raising their quotas of troops and making compensation to those who had performed military service for the United States, such acts to be " as valid in every respect as if previously authorized by law."

*Sedgwick* and *O. S. Seymour,* in support of the demurrer.

*G. C. Woodruff,* contra.

BUTLER, J. We have deemed it our duty, upon principles of public justice and equity, to sustain the claims of the soldiers who actually served in the war, for bounties voted by the towns, wherever it could be done consistently with a due adherence to the prir ciples of law, and we have given this case a deliberate consideration, with a view to sustain the claims made against the town if it could be done.

But the case differs in one material feature—the rescission of the vote—from any of the others of its class which have been before us. We have holden the towns liable where their action preceded and was confirmed by the act of July 6th, 1864. *Bartholomew* v. *Town of Harwinton,* 33 Conn., 408. We have also holden the towns liable where their action was ratified under the act of November 13th, 1863, and the person to whom the bounty was voted had acted upon the faith of it. *Waldo* v. *Town of Portland,* 33 Conn., 363. But we have not holden and cannot hold the towns absolutely liable by force of the act of June 29th, 1865, where the votes contemplated gratuities for past services. It was not the intention of the legislature by that act to make the votes of the towns granting bounties obligatory at all events. They intended to validate votes passed and obligations and liabili-

ties assumed, but only to the extent which they would have been valid " if previously authorized by law."

In this case the town voted bounties to those who then were or had been in actual service, or should be drafted or furnish a substitute, and it is conceded that none of the claimants enlisted or were drafted or furnished a substitute after it was passed, or otherwise acted upon the faith of the vote. Before any bounties were paid or orders given pursuant to the vote, the town rescinded it, and the petitioners brought their petition to enjoin the selectmen and agents of the town from carrying the rescinded vote into effect. The power of the town to rescind cannot be doubted, and the recission, it is substantially conceded 'in the argument, must deprive the selectmen and agents of the town of all right or power to pay the claims, unless the vote gave the claimants a vested interest *per se*, or the act of 1865 referred to, made the vote absolutely obligatory. Did then the vote of the town *per se* vest a right in the claimants? We held in *Usher* v. *Colchester*, 33 Conn., 567, that it did not; because, if the vote imported a promise, as was claimed in that case, it was without consideration; and if it imported a gift, it was unexecuted and revocable. We held also in that case that the act of 1865 was not intended to make, and could not have the effect to make, the vote absolutely obligatory upon the town; and we remain of opinion that the act is not susceptible of any such construction as the claimants urge.

The case before us then is simply one where a town has passed a vote giving gratuities, which by force of a subsequent act became a legal vote, and which the officers and agents of the town might legally have carried into effect while the vote remained in force, but where, the vote having been rescinded by a subsequent one, the officers and agents of the town were deprived of all power or authority to execute it, and yet threatened to do it in violation of their duty and trust. It is very clear that such a case is a proper one for the interposition of the superior court by injunction upon the application of a tax payer of the town, and that court must be advised

that the petitioner's bill is sufficient, and the prayer of it should be granted.

In this opinion the other judges concurred.