TOWN OF MADISON ET ALS. *vs.* FRANK H. KIMBERLEY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 10th, 1933—decided January 2d, 1934.

*Stephen F. Dunn,* for the appellants (plaintiffs).

*Charles M. Lyman,* for the appellee (defendant).

AVERY, J. The town of Madison and certain individuals claiming to constitute a zoning commission therein brought this action to restrain the defendant from making alterations in a building upon his property without permission from the zoning commission, and from using his premises for any purpose not permitted under the zoning regulations. A hearing was had be-

fore the court on the plaintiff's application for a temporary injunction in which facts were stipulated. The court denied the application for a temporary injunction; and, thereafter, issue having been joined, judgment was entered for the defendant, the parties agreeing that the stipulation of facts in the application for the temporary injunction were the facts of the case.

Thereafter, the court made a finding of the facts stipulated as follows: The town of Madison does not conduct its government under the authority of any Special Act. On October 5th, 1931, it held its annual meeting, the call for which included, in addition to topics immaterial to the present case, the following language: "also to do any other business necessary or proper to be done at such town meeting." The meeting was adjourned to October 10th, 1931, which adjournment was duly warned, but the call did not state the business to be considered. At this meeting, it was voted: "That a Zoning Commission of five members be appointed by the Board of Selectmen to serve for a term of three years, or until their successors may be appointed, with such powers and duties as are provided by the General Statutes under the Zoning Act, Chapter 29, Section 423." On April 8th, 1932, the town held a special meeting, duly warned, the call for which included as an item the following: "To appoint members of the Zoning Commission." At this meeting, it was voted: "That Messrs. George Dowd, Leander H. Conklin, William S. Hull, Ranulf L. Compton and Ray H. Wiswell be appointed members of the Zoning Commission created by vote of the annual town meeting held in October, 1931, to serve for a term of three years, with such authority and powers to regulate the erection, construction, reconstruction, alterations or use of buildings or structures or land

as provided in the General Enabling Act, section 423 to section 431 of the General Statutes."

Thereafter, these parties prepared certain regulations called "Zoning Regulations for the town of Madison, Connecticut," which were issued in printed form, and since that time they have acted as a duly organized zoning commission. In accordance with the provisions of the statute, they appointed five persons as members of a zoning board of appeals who have since acted as such. No meeting of the town of Madison has ever been held upon a call including as the business to be considered the passing of a by-law of such town to determine the terms of office of a zoning commission, and none of the votes were published in any newspaper having circulation in the town. On April 12th, 1933, the town held a special meeting, duly warned, the call of which stated that the business to be considered was "to take such action as may be deemed advisable in regard to the so-called zoning ordinances hitherto adopted; for the purpose of taking action to amend, alter or repeal any action of the town taken at meetings held on October 10, 1931, April 8, 1932, and January 14, 1933, relating to zoning ordinances and establishment of a zoning commission, and also to determine whether or not the town shall obtain an opinion from the town counsel as to the legality of the proceedings hitherto taken in the matter of zoning ordinance." At this meeting, the following resolution was passed: "Resolved, that any and all action of the town of Madison taken at meetings held on October 10, 1931, April 8, 1932, and January 14, 1933, relating to zoning ordinances and establishment of a zoning commission be repealed, and all such action be null and void from the date of this meeting." After this meeting, the defendant commenced the remodeling of a building upon his premises without complying

with the regulations of the zoning commission, and for the purpose of converting the same into a business property in contravention of the regulations. The premises are within the geographical limits of a section described as "Residence A" in these regulations, and the plaintiffs have notified the defendant to cease the alterations.

The trial court concluded that the call for the town meeting of April 8th, 1932, gave sufficient notice of an intent to act upon a by-law of the town fixing the term of office of zoning commissioners, and the meeting of that date had power to pass such a by-law; that reference in the resolution to the "vote of the annual town meeting held in October, 1931, was mere surplusage," and that the resolution was effective to appoint a zoning commission and fix the term of office of the commissioners; that the town meeting of April 12th, 1933, had power to repeal the by-law which fixed the term of office of its zoning commission and to terminate that term of office, and the vote adopted was effective for that purpose; and that by abolishing the zoning commission, the town thereby rendered ineffective the zoning regulations adopted by them, and removed from the property in the town all restrictions which had been imposed upon it by the zoning regulations previously adopted by the commission.

The correctness of this conclusion is the matter involved in this appeal, the claim of the plaintiffs being that the zoning commissioners held public office created by an Act of the General Assembly (General Statutes, Cum. Sup. 1931, § 42a), and that such offices could not be abolished by a vote of the town meeting.

The "Home Rule Act" (Public Acts, 1923, Chap. 284) expressed in General Statutes, § 390, authorizes towns to adopt by-laws on a number of subjects. By § 391, by-laws upon those subjects cannot become

effective unless published as required by this section. The provision in § 391 requiring publication and granting an opportunity upon petition for a referendum vote only applies to those by-laws which are enumerated in § 390. Among the powers enumerated in that section is that "to make rules relating to the regulation of traffic and the construction of buildings." Obviously, the reference to the construction of buildings does not include by-laws governing zoning, because that matter is dealt with in a separate chapter of the General Statutes in which the statute under which the town purported to appoint the zoning commission in this case forms the first section. General Statutes, Cum. Sup. 1931, § 42a, provides that in each town the zoning authority shall be a zoning commission consisting of five members, whose terms of office shall be determined by by-law adopted by the town and the town is authorized to appoint such a zoning commission. This statute makes no provision for the publication of such by-law after its passage by the town and requires no formality for its passage other than the warning required by law in the call of the meeting. This Act authorizes and permits towns to appoint commissions, but does not require them to do so. It does not fix the term of office, which is left to the towns. If a commission is set up, it is the act of the town and not of the legislature.

The chapter concerning zoning contains many regulations as to the powers, organization and procedure of the zoning commission and appeals from their action. While in terms the authority of the town is stated to be to appoint the commission, it was clearly the legislative intent that such an appointment should amount to an adoption of zoning for the town as regulated in the chapter. The vote of April 12th, 1933, was not the removal of the commission from an

existing office, but a rescission of the entire action of the town in adopting zoning and the abolition of the office. This distinguishes the case from *Attorney-General* v. *Stratton,* 194 Mass. 51, 79 N. E. 1073, which is much relied upon by the plaintiffs. There the office of board of health was created by the legislature and the term of office fixed by it and it was held that the town could not by its action remove members of the board from office. It does not appear that any rights had become vested by reason of any action taken by the zoning commission. See *Staples* v. *Bridgeport,* 75 Conn. 509, 511, 514, 54 Atl. 194.

The present case is governed by the familiar principle that the grant of power to enact ordinances ordinarily implies the power to repeal them. *Terrett* v. *Sharon,* 34 Conn. 105, 108; *State ex rel. Reiley* v. *Chatfield,* 71 Conn. 104, 112, 40 Atl. 922; *State ex rel. McDermott* v. *Wilkinson,* 88 Conn. 300, 90 Atl. 929; *Myers* v. *United States,* 272 U. S. 52, 119, 126, 47 Sup. Ct. 21; *Parsons* v. *United States,* 167 U. S. 324, 17 Sup. Ct. 880; *People ex rel. Cline* v. *Robb,* 126 N. Y. 180, 182, 27 N. E. 267; 2 McQuillin, Municipal Corporations (2d Ed.) § 871. We cannot read into the statute empowering towns to appoint a zoning commission (General Statutes, Cum. Sup. 1931, § 42a) any expression of intention upon the part of the legislature that a town having once exercised the power could not thereafter rescind its action. The language of the statute shows clearly that the legislature intended it to be optional with a town whether or not it shall have a zoning system. If the power is exercised and commissioners appointed, the town, as it has the option to adopt such a system, may thereafter terminate it in like manner. We conclude, therefore, that the vote of April 12th, 1933, abolished the zoning commission and terminated the zoning system in Madison; and, there-

after, the property of the defendant was freed of any restrictions imposed by the zoning regulations adopted pursuant to vote of January 14th, 1933.

There is no error.

In this opinion the other judges concurred.