STATE EX REL. MORRIS A. BEZZINI *v.*
WILLIAM E. HINES, TOWN CLERK

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 9—decided May 1, 1947

*Francis P. Rohrmayer,* with whom was *William A. Rabinowitz,* for the appellant (plaintiff).

*Ralph C. Dixon,* corporation counsel, for the appellee (defendant).

MALTBIE, C. J.  The plaintiff, as incident to an application to the liquor control commission for a restaurant permit for certain premises in East Hartford, applied to the defendant as town clerk of that town to certify that the operation of a restaurant on the premises and the sale of liquor in connection with it were permissible under the zoning regulations, and upon his refusal brought this mandamus proceeding to compel him to issue the certificate.  He based his refusal upon the ground that the zoning regulations of the town forbade the sale of liquor on the premises.  The trial court rendered judgment for the defendant.  The issue presented for our determination arises out of the claim of the plaintiff that there were no valid and effective zoning regulations in the town.

Prior to 1926, the territory of the town was divided into three areas, two of which were embraced within

594

incorporated fire districts and the other consisted of the portion of the town lying outside their boundaries. The property involved in this action is located in the part of the town last mentioned. Prior to December 27, 1926, each of the fire districts had established zoning within their respective limits. On that day, at a special meeting called for the purpose, the town, purporting to act under the provisions of chapter 279 of the Public Acts of 1923, created a zoning commission for the portion of the town outside the fire districts. That chapter authorized zoning only in certain municipalities which were named, and East Hartford was not included; but, before the town acted, chapter 242 of the Public Acts of 1925 became effective and that authorized any town in the state to create a zoning commission. The provisions of the 1925 act, amended in various respects, although in none material to the situation before us, will now be found in chapter 29, § 423 et seq., of the General Statutes, particularly as amended by § 88c of the Cumulative Supplement of 1935 and § 132e of the Cumulative Supplement of 1939. On March 21, 1927, the commission adopted a building zone map and zoning regulations for the portion of the town lying outside the fire districts. The premises now in question were in a residence zone and the regulations prohibited restaurants in such zones.

At an adjourned town meeting held on November 21, 1927, it was voted that "the Building Zone Regulations" for the portion of the town lying outside the fire districts "be and the same are hereby repealed"; but it is conceded that, as the warning for that meeting gave no notice that such a matter would be considered, the vote was ineffective. However, on March 7, 1928, at a special town meeting called by

a warning which specifically referred to discussion and action "towards the repeal of the Zoning Law" for the territory outside the fire districts, it was voted that "the application of zoning" in that portion of the town "be repealed." On March 19, 1928, at a special town meeting, it was voted that any appropriation for the expense of zoning should be stricken from the budget. In October, 1929, a new charter was, under a special act of the General Assembly, submitted to the voters of the town and accepted. 20 Spec. Laws 1113. By this charter the municipalities in the town were consolidated; § 43 (p. 1133) provided that the council, which was vested with legislative power for the town, should be the zoning commission for the entire town; and it went on to provide: "The zoning by-laws and ordinances existing at the time of the taking effect of this act are validated and approved and such by-laws and ordinances shall continue in force and effect until such time as the same shall be amended or repealed in accordance with the general statutes." Since that time the zoning regulations have been administered by the town authorities as in full force and effect; amendments to them have from time to time been adopted; and a case arising under them has been before this court. *Keating* v. *Patterson,* 132 Conn. 210, 43 A. 2d 659. As amended, the regulations now provide that no premises in a residence zone shall be used for the sale of alcoholic liquors unless the regulations are varied by a vote of not less than four members of the zoning board of appeals at a regularly called meeting; but no such vote has been passed as regards the premises involved in this action.

The basic claim of the plaintiff is that the vote of the town meeting held on March 7, 1928, that "the

application of zoning . . . be repealed" had the effect of abolishing zoning in the area of the town where plaintiff's premises are located. The act of 1925 gave to the zoning commission the power to make zoning regulations and to amend, change or repeal them from time to time, and prescribed certain limitations and procedures to be followed in taking such action; and such provisions have been ever since and still are contained in the zoning statutes. A reading of them leaves no doubt that it was the intent of the General Assembly to vest in a zoning commission the sole authority to make, amend or repeal regulations; and for that purpose the zoning commission became the legislative agency of the municipality. To admit that a town meeting could amend or repeal regulations duly made by the commission would be to recognize in it a power directly at variance with the legislative intent. The town could have repealed the vote creating the commission and so have done away entirely with zoning; *Madison* v. *Kimberley,* 118 Conn. 6, 169 A. 909; but, as long as the commission continued, the voters in a town meeting were without power to repeal or prevent the enforcement of the regulations the commission adopted.

In attempting to ascertain the meaning of the vote that "the application of zoning . . . be repealed," we are bound to seek, as we would in the case of a statute, not an intent which we may think the voters at the meeting had and intended to express, but the intent which the words used themselves express. *Finoia* v. *Winchester Repeating Arms Co.,* 130 Conn. 381, 385, 34 A. 2d 636. It is impossible to give any definite meaning to the vote now in question, and the best that can be done is to take the words used as

expressing an intent that zoning regulations in the part of the town outside the fire districts should no longer be in effect. That would be to give it a meaning like that of the abortive vote, taken at the meeting held about two and one-half months previously, that the zoning regulations "be and the same are hereby repealed." Such a vote would be beyond the powers of a town meeting to adopt. We cannot find in the words used any intent to repeal the vote creating the commission or to abolish it; nor does the subsequent vote striking from the proposed budget for the town the appropriation for the expenses of the commission have that effect. Since the vote of March 7, 1928, was taken and until the present time, a period of almost twenty years, the regulations have been administered; when the charter for the town was accepted in October, 1929, it provided that "existing zoning by-laws and ordinances are validated" and continued in effect, and this suggests that the legislature regarded the zoning regulations as then in force; as far as appears, the town council felt thereafter no need of making any regulations for the portion of the town outside the fire districts; the town council as zoning authority for the town has from time to time amended the regulations; and so far as the record shows, no claim has been made since the vote of March 7, 1928, that there were no valid zoning regulations in the town; these facts amount to a practical construction of the vote in question as one which, by reason of its terms, was ineffective, and give unusual weight to that construction as indicating the intent sought to be expressed in it. *Institute of Living* v. *Hartford,* 133 Conn. 258, 267, 50 A. 2d 822.

The plaintiff makes no claim that, if there were

valid zoning ordinances in the town, he would be entitled to a certificate from the defendant that they did not forbid the sale of intoxicating liquors upon his premises. Our conclusion that there were such regulations suffices to sustain the judgment of the trial court.

There is no error.

In this opinion the other judges concurred.