FRANCIS X. BURKE *v.* BOARD OF REPRESENTATIVES OF THE CITY OF STAMFORD

ALFRED F. DECARLO *v.* BOARD OF REPRESENTATIVES OF THE CITY OF STAMFORD

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 3, 1960—decided January 3, 1961

*Isadore M. Mackler,* with whom was *Theodore Godlin,* for the appellant (defendant in each case).

*John M. Hanrahan,* with whom were *Richard W. Martin* and, on the brief, *Richard H. Fitzmaurice,* for the appellee (plaintiff) in the first case.

*Maurice J. Buckley,* for the appellee (plaintiff) in the second case.

BALDWIN, C. J. The defendant has appealed from judgments of the Court of Common Pleas overruling the action of the defendant in rejecting an amendment of the zoning map of Stamford after the amendment was adopted by the zoning board. The plaintiffs own premises located within the area changed by the amendment.

For a better understanding of the issues involved, a review of the charter and statutory provisions relating to zoning in Stamford is necessary. The charter gives to a planning board the power to "prepare, adopt and amend" a master plan for the city. Stamford Charter §§ 520, 522.1, 522.2; 26 Spec. Laws 1228, 1229. It gives to a zoning board the power to adopt zoning regulations and to divide the city into "districts of such number, shape and area as may be best suited" to carry out the general welfare purposes stated in the charter. Stamford Charter § 550; 26 Spec. Laws 1234. The charter also confers on the zoning board the power, after the effective date of the master plan, to amend the zoning map, but not in such a way as to permit a use "which is contrary to the general land use established for [the] area by the master plan." § 552; 26 Spec. Laws 1234. When the zoning map is amended, the owners of 20 per cent or more of the privately owned land in the area changed or the owners of 20 per cent or more of the privately owned land within 500 feet of the borders of the area may file a petition with the zoning board objecting to the amendment. § 552.2; 26 Spec. Laws 1235. In that event, the amendment is without effect and the zoning board must refer the matter to the defendant, the board of representatives of the city, along with the zoning board's "written findings, recommendations and reasons" for the change. Ibid. The board of

representatives then acts to approve or reject the amendment. Ibid. The charter states that any decision on the matter by the board of representatives must be by the affirmative vote of a majority of the entire membership of the board. § 556.1; 26 Spec. Laws 1238. The board of representatives is composed of two members elected from each of the twenty voting districts into which the city is divided. § 115; 25 Spec. Laws 417. The legislative power of the city is specifically vested in the board of representatives. § 200; 25 Spec. Laws 418. It should be noted that the charter also provides for a zoning appeals board which has the powers conferred by §§ 8-5 to 8-8 of the General Statutes on zoning boards of appeal, except so far as those sections are inconsistent with specific provisions of the charter. Stamford Charter § 560; 28 Spec. Laws 367. Section 8-8 of the General Statutes provides for an appeal from a zoning board of appeals to the Court of Common Pleas. An appeal can be taken also from the Stamford zoning board to the Court of Common Pleas except where the action of that board has been referred, by reason of the filing of a petition of objection, to the board of representatives. § 556; 26 Spec. Laws 1238; see General Statutes §§ 8-9, 8-10. Furthermore, any person claiming to be aggrieved by the action of the board of representatives may appeal to the Court of Common Pleas. Stamford Charter § 556; 26 Spec. Laws 1238.

Plaintiffs Francis X. Burke and Alfred F. DeCarlo owned adjoining parcels of land on the easterly side of Newfield Street in Stamford. On September 3, 1957, on their application, the planning board amended the master plan of the city by changing the land-use category for an area which included their land from R-7½ (one-family residence district) to

C-N (neighborhood business district). Stamford Charter § 522.2; 26 Spec. Laws 1229. On May 7, 1958, the zoning board adopted a like amendment of the zoning map by a three to two vote. On May 12, official notice of this decision was given. Stamford Charter § 555.1; 26 Spec. Laws 1237. On May 22, a petition objecting to the change was filed with the zoning board. On May 27, the zoning board referred the matter to the board of representatives and transmitted the petition of objection, forty-one copies of excerpts from the minutes of the meeting of the zoning board on May 7, forty-one copies of the transcript of the hearing it had held, and a map showing the amendment. The board of representatives committed the matter to a committee composed of ten of its members. Neither the committee nor the board of representatives gave any notices of hearings or held any hearings, although DeCarlo requested them. The board of representatives received letters of objection to the amendment which the plaintiffs had no opportunity to see or refute. On July 7, 1958, the board of representatives rejected the amendment. The plaintiffs appealed from this action to the Court of Common Pleas. That court sustained the appeals, as has been pointed out, and the defendant has appealed from the judgments.

The questions raised by these appeals can be grouped into two categories: (1) Did the board of representatives act arbitrarily and illegally in failing to give notice and to provide a hearing before taking action to reject the amendment? (2) Did the board act arbitrarily and illegally in committing the matter to a committee and thereafter taking action on the recommendation of that committee without complying with the provisions of the charter concerning the presentation and adoption of ordinances

and resolutions? See Stamford Charter § 204.1; 26 Spec. Laws 938.

The decision of these appeals turns largely upon the question whether the board of representatives, in passing on the amendment to the zoning map, was acting in a legislative capacity. The charter is silent as to whether the board, in considering an amendment to the zoning map after a petition of objection has been filed, shall give notice of a hearing to the parties concerned, shall hold a hearing at which testimony may be given and statements made in support of, or in opposition to, the amendment, shall keep any record of the proceedings of the board, or shall make a finding. The only specific directions contained in the charter are that the written findings, recommendations and reasons of the zoning board must be before the board of representatives and that the board of representatives shall be guided in its action "by the same standards as are prescribed for the zoning board in section 550" of the charter. Stamford Charter § 552.2; 26 Spec. Laws 1235. Ordinarily, zoning authorities act in either a legislative or an administrative capacity. *Florentine* v. *Darien*, 142 Conn. 415, 431, 115 A.2d 328. In the case cited, we pointed out that the function of creating zones and adopting zoning regulations is essentially the function of a zoning or planning commission. This function is essentially legislative. *McCormick* v. *Planning & Zoning Commission*, 146 Conn. 380, 382, 151 A.2d 347; *State ex rel. Bezzini* v. *Hines*, 133 Conn. 592, 597, 53 A.2d 299; *Kutcher* v. *Town Planning Commission*, 138 Conn. 705, 709, 88 A.2d 538, and cases cited; *Plumb* v. *Board of Zoning Appeals*, 141 Conn. 595, 599, 108 A.2d 899; *Service Realty Corporation* v. *Planning & Zoning Board of Appeals*, 141 Conn. 632, 635, 109 A.2d 256;

*DeMars* v. *Zoning Commission,* 142 Conn. 580, 584, 115 A.2d 653; *Finch* v. *Montanari,* 143 Conn. 542, 545, 124 A.2d 214; *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 596, 145 A.2d 597; 8 McQuillin, Municipal Corporations (3d Ed. Rev.) § 25.227.

The manifest legislative intent expressed in the Stamford charter is that the board of representatives, in considering an amendment to the zoning map, shall review the legislative action of the zoning board on that board's written findings, recommendations and reasons. The question before the board of representatives is whether to approve or to reject the amendment. That board, in reviewing the action of the zoning board, is called upon to perform a legislative function. That this is so is fortified by the fact that the charter, in defining the powers of the zoning appeals board, in effect confines that board to the review of orders made by zoning enforcement officers; to the consideration of, and action upon, matters, including special exceptions, upon which the board of appeals is required to pass under the terms of a particular zoning law, ordinance or regulation; and to the granting of variances in the application of the zoning ordinance or regulations in a manner to avoid a hardship in a particular case. Stamford Charter § 560; 28 Spec. Laws 367; General Statutes § 8-6. These are the usual administrative functions entrusted to a zoning board of appeals. *Florentine* v. *Darien,* supra, 425, and authorities cited; 8 McQuillin, op. cit. § 25.228; Metzenbaum, Law of Zoning, p. 699.

If the legislature had intended that the board of representatives should conduct a hearing de novo instead of a simple review of the action of the zoning board, the legislature could have so stated. But

it has not expressed such an intent. It has made no specific provisions for notice and hearing by the board of representatives, and we cannot write such provisions into the charter by judicial fiat. *Lowe* v. *Falsey,* 144 Conn. 67, 72, 127 A.2d 67; *Bailey* v. *Mars,* 138 Conn. 593, 598, 87 A.2d 388; *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 688, 81 A.2d 119. True, the charter provides that the board of representatives shall be guided by the same standards as those prescribed for the zoning board, but these standards are typical legislative standards; viz., promotion of health and the general welfare, provision for adequate light and air, prevention of overcrowding, and avoidance of undue population concentration. Stamford Charter § 550; 26 Spec. Laws 1234. They are found in most zoning acts.

Since the board of representatives was acting in its legislative capacity, no notice or hearing was necessary to satisfy the requirements of due process of law. *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 674, 103 A.2d 535; *State ex rel. Brush* v. *Sixth Taxing District,* 104 Conn. 192, 205, 132 A. 561; *Water Commissioners* v. *Johnson,* 86 Conn. 151, 161, 84 A. 727; *Opp Cotton Mills, Inc.* v. *Administrator,* 312 U.S. 126, 145, 61 S. Ct. 524, 85 L. Ed. 624; *Chesebro* v. *Los Angeles County Flood Control District,* 306 U.S. 459, 464, 59 S. Ct. 622, 83 L. Ed. 921; *Philip Wagner, Inc.* v. *Baltimore,* 239 U.S. 207, 219, 36 S. Ct. 66, 60 L. Ed. 230; 1 Antieau, Municipal Corporation Law, p. 171; 42 Am. Jur. 423, § 94; see *Proctor* v. *Sachner,* 143 Conn. 9, 17, 118 A.2d 621. Even if it could be assumed that the board of representatives was acting in an administrative and not in a legislative capacity, the plaintiffs had had a full hearing before the zoning board and the charter affords them an appeal to the courts. The require-

ments of due process so far as notice and hearing are concerned were thus met. *Brein* v. *Connecticut Eclectic Examining Board*, 103 Conn. 65, 85, 130 A. 289; *Jennings* v. *Connecticut Light & Power Co.*, supra; Rhyne, Municipal Law, p. 832. The fact that the board of representatives received and considered letters opposing the action of the zoning board in making the amendment and that the plaintiffs did not see the letters or have an opportunity to refute them did not vitiate the action of the board of representatives. Acting in its legislative capacity, it was entitled to take into consideration knowledge acquired through sources other than a public hearing. *Yurdin* v. *Town Plan & Zoning Commission*, 145 Conn. 416, 420, 143 A.2d 639; *Jennings* v. *Connecticut Light & Power Co.*, supra, 675; *Parsons* v. *Board of Zoning Appeals*, 140 Conn. 290, 292, 99 A.2d 149; *Mrowka* v. *Board of Zoning Appeals*, 134 Conn. 149, 154, 55 A.2d 909. The board of representatives did not act arbitrarily or illegally in failing to give notice and a hearing before its action was taken.

The plaintiffs claim that the action of the board of representatives in rejecting the amendment was illegal because the board referred the matter to a committee and the committee made a verbal report upon which the board took action. The plaintiffs also claim that the action was illegal because the board of representatives failed to follow the charter requirements for the adoption of either an ordinance or a resolution. The charter provides that all proposed ordinances and resolutions shall be introduced into the board of representatives in written or printed form, and sets forth a method of procedure for their consideration and disposition. Stamford Charter § 204.1; 26 Spec. Laws 938. The parties concede that this procedure was not followed in the

present case. When the matter came before the board of representatives, it was referred to a committee of ten members of the board. The committee considered it, including "the facts developed in the public hearing [before the zoning board] and from the map of the area." The committee unanimously voted to recommend that the amendment be rejected. The report of the committee was presented at a meeting of the board of representatives by the committee chairman. On his motion, duly seconded, the board, by a majority vote of its entire membership, rejected the amendment.

Where the charter of a municipality provides that action of the legislative body shall be by ordinance or resolution, it must act in the manner prescribed. *Food, Beverage & Express Drivers Local Union* v. *Shelton,* 147 Conn. 401, 405, 161 A.2d 587; *Jack* v. *Torrant,* 136 Conn. 414, 419, 71 A.2d 705; *Sullivan* v. *Mortensen,* 132 Conn. 289, 295, 43 A.2d 731. In the instant case, the charter does not require that the board of representatives shall act only by ordinance or resolution. It empowers the board to adopt and amend its own rules of order. § 202.4; 26 Spec. Laws 938. This the board could do in the area where the charter does not specifically provide otherwise. The board could refer the matter for the consideration and report of a committee of its membership. Rhyne, Municipal Law, p. 87, § 5-8. It could properly consider and act upon a motion, duly seconded, based upon the recommendation of its committee. Rhyne, op. cit., p. 88 § 5-9, p. 229 § 9-3. An ordinance or resolution may not be the most suitable vehicle for the exercise of legislative power. See *Rule* v. *Stamford,* 121 Conn. 447, 451, 185 A. 178; Rhyne, op. cit., p. 226. The claim that the action of the board of representatives was invalid because of

its failure to follow the rules prescribed by the charter for the adoption of ordinances or resolutions therefore falls.

The plaintiffs argue that if the board of representatives can act without notice and a hearing, it can completely thwart the work of the zoning board without consideration of the factors which motivated the action of that board. That is true, because the legislation providing for zoning in Stamford makes it possible, although not inevitable. Any claimed defect in the zoning law and procedures adopted for the city of Stamford is a matter for legislative consideration. Courts cannot read into statutes, by the process of interpretation, provisions for notice and a full hearing which are not expressed in them. *Loew* v. *Falsey,* 144 Conn. 67, 72, 127 A.2d 67; *Bailey* v. *Mars,* 138 Conn. 593, 598, 87 A.2d 388; *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 688, 81 A.2d 119. Courts must apply statutes as they find them, whether or not they think that the statutes might be improved by the inclusion of other or additional provisions. *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 12, 37 A.2d 689; *Granniss* v. *Weber,* 107 Conn. 622, 629, 141 A. 877. Furthermore, a municipality proceeding under § 8-1 of the General Statutes may establish a zoning commission empowered to enact zoning regulations and may also abolish it completely. *State ex rel. Bezzini* v. *Hines,* 133 Conn. 592, 596, 53 A.2d 299; *Madison* v. *Kimberley,* 118 Conn. 6, 11, 169 A. 909. Once a zoning commission has adopted zoning regulations, however, the municipality is powerless to amend them. *State ex rel. Bezzini* v. *Hines,* supra; *Olson* v. *Avon,* 143 Conn. 448, 451, 123 A.2d 279. The legislative intent expressed in the Stamford charter modifies this principle by enabling the board of representatives to

approve or reject any amendment by the zoning board to the zoning map or regulations, if proper and timely objection is made. This is not an altogether novel procedure, although it is, perhaps, not a workable or desirable one. Section 123i of the 1947 Supplement (Rev. 1949, § 838) contained a provision which conferred on a town meeting a power of review similar in principle to that conferred in the Stamford charter on the board of representatives. This provision was repealed in 1951. Cum. Sup. 1951, § 157b (as amended, Cum. Sup. 1955, § 375d; General Statutes § 8-3); *Olson* v. *Avon,* supra, 453.

There is error in both cases, the judgments are set aside and the cases are remanded with direction to dismiss the appeals.

In this opinion the other judges concurred.