MARTIN J. O'MEARA, JR., TRUSTEE *v.* CITY OF NORWICH ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued November 8, 1974—decision released February 11, 1975

*Geurson D. Silverberg,* with whom was *Richard N. Ziff,* for the appellants (defendants).

*Lewis C. Maruzo,* for the appellee (plaintiff).

LOISELLE, J. The defendants have appealed from a judgment of the Court of Common Pleas declaring that the overrule provision in the charter of the city of Norwich, which under certain circumstances requires reference of proposed ordinances to a special city election, is inapplicable to a zoning ordinance.

The matter was decided upon an agreed statement of facts. The plaintiff, an owner of land in Norwich, sought an amendment of the zoning map of the city of Norwich to change land on the southerly side of Rogers Road from a rural district to a residential district. After referral to the commission on the city plan, as required by the charter, and to the appropriate regional planning agency, as required by General Statutes § 8-3b, and after proper notice and hearing, the city council adopted the amendatory ordinance. Within the time specified under the charter, a petition to overrule, purporting to be signed by not less than 5 percent of the electorate, was filed, requesting reference of the zoning ordinance to a special election in accordance with charter provisions. At a regular meeting of the council a date was set for the special city election. The special city election was held, and the ordinance amending the zoning regulations as adopted by the council was disapproved. The action of the council in referring the ordinance to special election was consistent with the overrule provision of the charter.

The plaintiff sought and was granted a judgment declaring that the reference to referendum in the case of a zoning ordinance was invalid.

In *State ex rel. Bezzini* v. *Hines,* 133 Conn. 592, 596, 53 A.2d 299, as dicta, and in *Olson* v. *Avon,* 143 Conn. 448, 454, 123 A.2d 279, in considering the effect of the predecessors of General Statutes § 8-1 on the power of municipalities to amend or repeal zoning regulations enacted by zoning commissions, we stated that such power vests exclusively in the zoning commission. As zoning in Norwich is controlled by special act, rather than under chapter 124 of the General Statutes, of which § 8-1 is a part, the charter, which provides for zoning, is controlling on this issue.

In 1951, a charter was granted to the city of Norwich. Chapter V relates to the "Council" with provisions for its composition, meetings and powers. In § 12 of this chapter is a provision for overrule applicable to "all ordinances of the council, except those making appropriations and fixing the tax rate." This section provides that a petition signed by 5 percent of the electorate shall require a special election to approve or disapprove a proposed ordinance. The named defendant argues that since the city council is the rule-making authority in the zoning sphere its action must be consistent with its legislative authority under the charter. The extent of that authority and the effect of the overrule provision depend on a construction of the charter. The construction to be adopted depends, in turn, on the intention of the General Assembly as expressed by the acts in question. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70.

Chapter XV of the charter entitled "Planning and Zoning" confers on the council the duties and functions relating to zoning which chapter 124 of the General Statutes vests in zoning commissions in those municipalities which have adopted chapter 124. Section 6 of chapter XV expressly grants the zoning powers to the council. This by implication excludes the electorate from exercising these powers. It is the council which is authorized to divide the city into zones and to regulate the "height, number of stories and size of buildings and other structures" and the use of land by ordinance. Section 7 expressly grants to the council the right to amend or repeal regulations or boundaries of any zone established. Under § 7 changes in the zoning regulations by repeal or amendment are to be made by ordinance passed by the council.

The charter provisions on zoning prescribe the limitations and procedures to be followed in taking such action. Thus, certain ordinances under §§ 6 and 7 are subject to the provisions of § 4 of chapter XV which require referral to the commission on the city plan for approval before "final action" is taken by the council. In addition, there is a requirement under § 7 that an amendatory ordinance must be adopted by at least three-quarters of all the members when a protest has been filed. Section 8 provides for the determination of effective application when the regulations conflict with other ordinances or statutory provisions. There are also provisions for a board of appeals and its powers. Nowhere in chapter XV is there any reference to the overrule provision of § 12 of chapter V.

These statutory requirements throw particular safeguards around the making of changes after an ordinance of general application to a community

has been adopted, which safeguards are intended to assure that the matter has been fully and fairly considered and is truly dictated by the public interest. Statutory requirements fixing the manner in which such changes shall be made should be construed with a view toward accomplishing this design and toward giving just protection to the rights of individual property owners, and those requirements should not be readily relaxed. *Strain* v. *Mims,* 123 Conn. 275, 280, 193 A. 754.

It is clear in examining chapter XV in its entirety that in enacting the charter of the city of Norwich by special act, the intent of the legislature was to vest the powers to enact and to change zoning regulations and zone boundaries exclusively in the council. There is a distinction, however, between the council acting in its general legislative capacity and promulgating independent police regulations, and acting in its capacity as a zoning authority. See *State ex rel. Spiros* v. *Payne,* 131 Conn. 647, 41 A.2d 908. When the council exercises its zoning powers, it acts, in effect if not in name, as a zoning commission. *Sullivan* v. *Town Council,* 143 Conn. 280, 288, 121 A.2d 630. In examining the charter as a whole, the legislative intent is apparent that the overrule provision in chapter V is to apply to ordinances of the council acting in its general legislative capacity and not to ordinances while it is sitting as a zoning commission.

To admit that a special city election could approve or disapprove an amendment to the zoning regulations would recognize a power in the city electorate directly at variance with the legislative intent expressed in the charter to vest that power exclusively in the zoning commission.

The determination that the charter of the city of Norwich does not give a right to amend or repeal to the municipality under the charter provision for overrule of ordinances enacted by the council acting as a zoning commission is dispositive of this appeal.

It may be noted that the Norwich charter does not provide a right of appeal from the doings of the council acting as a zoning commission. Counsel have argued the effect of General Statutes § 8-10 in the appeal of this case. Although the disposition of this appeal does not require any discussion concerning the effect of § 8-10 on the issues raised, it should be noted that the statutory right of appeal to the Court of Common Pleas applies to the council acting as a zoning commission under the charter. *Weigel* v. *Planning & Zoning Commission,* 160 Conn. 239, 249, 278 A.2d 766; *Puskarz* v. *Zoning Board of Appeals,* 155 Conn. 360, 365, 232 A.2d 109; *Sullivan* v. *Town Council,* 143 Conn. 280, 286, 121 A.2d 630.

There is no error.

In this opinion the other judges concurred.