WILLIS R. ZENGA *v.* ELIZABETH ZEBROWSKI ET AL.

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and BARBER, Js.

Argued November 7—decision released December 30, 1975

*Richard G. Adams,* with whom was *Edward J. McMahon,* for the appellant (plaintiff).

*Allen J. Segal,* for the appellees (defendants).

COTTER, J. The plaintiff filed an application with the Plainville Town Planning and Zoning Commission for a change in the zoning map, pursuant to Sec. 520 of the Plainville Zoning Regulations, so that property owned by him would be located in a garden apartment district zone rather than in a single-family residential zone.[1] The planning and zoning commission, after a public hearing, unanimously approved the requested change in the land-use category, effective May 4, 1971.

Zoning in Plainville is governed by the provisions of a Special Act of the 1967 General Assembly

---

[1] The residential zones in which the plaintiff's property is located have been variously referred to in the record as A-15, A-40 and R-15.

entitled "An Act Amending the Zoning Regulations of the Town of Plainville." [2] Following the action of the planning and zoning commission and pursuant to § 1 of the special act, a sufficient number of duly qualified land owners timely filed a signed petition with the town planning and zoning commission pursuant to 33 Special Acts 246, No. 255, of the 1967 General Assembly objecting to the proposed change in the land-use category. Section 1 of the special act permits such an objection to be filed by the owners of twenty percent or more of privately-owned land located within 500 feet of the borders of a proposed zonal change and further provides,

---

[2] 33 Special Acts 246, No. 255, §§ 1, 5:

"SECTION 1. If the owners of twenty per cent or more of the privately-owned land in the area included in any proposed change of the zoning map of the town of Plainville, or if the owners of twenty per cent or more of the privately-owned land located within five hundred feet of the borders of such area, file a signed petition with the town planning and zoning commission, within ten days after the official publication of the decision thereon, objecting to the proposed change, said decision shall have no force or effect but the matter shall be referred by the town planning and zoning commission to the town council within twenty days after such official publication, together with written findings, recommendations and reasons. The town council shall approve or reject such proposed change at or before its second regularly scheduled meeting following such referral. When acting upon such matters, the town council shall be guided by the same standards as are prescribed for zoning commissions in the general statutes. The failure of the town council either to approve or reject said change within the above time limit shall be deemed approval of the town planning and zoning commission's decision."

"SEC. 5. Except in those situations where a decision of the commission is referred to the town council for action pursuant to sections 1, 2, and 3 of this act, any person aggrieved by any such decision may appeal therefrom, within twenty days of the official publication of such decision, to the court of common pleas for the county of Hartford. Any person aggrieved by a decision of the town council or by a failure of the town council to decide a matter referred to it within the prescribed time pursuant to sections 1, 2, and 3 of this act may appeal therefrom within fifteen days of such decision or such expiration of prescribed time, whichever first occurs, to the court of common pleas for the county of Hartford."

inter alia, that if so filed, the commission's decision shall have no force or effect but the matter shall be referred by it to the town council for approval or rejection.

Thereafter, upon referral of the matter, the town council held a public hearing at which it heard and received evidence and statements concerning the plaintiff's application, and later at a town council meeting on June 21, 1971, it voted unanimously to reject the proposed change adopted by the town planning and zoning commission for reasons recited by each of the seven members of the town council as recorded in the minutes of that meeting. The plaintiff then appealed to the Court of Common Pleas from the action of the town council. That court dismissed the appeal, and the plaintiff, on the granting of certification, appealed to this court from the judgment rendered.

The question raised in this appeal, as alleged in the plaintiff's complaint, is whether the action of the town council in denying him the right to use his land for garden apartments was illegal, arbitrary and in abuse of its discretion.

"On an appeal from an administrative board we have repeatedly stated that the function of the court is to determine whether or not it acted illegally; and while we have frequently added the words 'arbitrarily or in abuse of its discretion,' this manner of expression merely points to certain aspects in which the illegality may subsist because the conduct of the board would be in violation of the powers granted to and duties imposed upon it." *Jaffe* v. *State Department of Health,* 135 Conn. 339, 353, 64 A.2d 330; 73 C.J.S., Public Administrative Bodies and Procedure, § 27.

Within the framework of this allegation the plaintiff first contends that the action of the town council is void in view of the conduct and procedures it pursued. He argues that § 1 of the special act is impermissibly vague and ambiguous in providing for a referral of the matter from the town planning and zoning commission without clearly specifying the "parameters of review" under which the town council was to act, i.e., whether it was to proceed as an appellate body to review the proceedings below or whether it was to make a decision de novo.

The pertinent language of § 1 states that upon a referral, "the Town Council shall be guided by the same standards as are prescribed for zoning commissions in the general statutes." Under similar circumstances we held that the town council acts in a legislative capacity in considering whether the decision of the planning and zoning commission is in accord with the usual legislative zoning standards, viz., promotion of health and the general welfare, provision for adequate light and air, prevention of overcrowding, and avoidance of undue population concentration. *Burke* v. *Board of Representatives,* 148 Conn. 33, 40, 166 A.2d 849.

The language of the standards in the special act, as we construed it in *Burke* v. *Board of Representatives,* supra, was reasonably adequate for the guidance of the town council and did not preclude the type of public hearing which it conducted.

The statute need only establish primary legislative standards which shall be as reasonably precise as the subject matter requires, *State* v. *Stoddard,* 126 Conn. 623, 628, 13 A.2d 586. See *Roan* v. *Connecticut Industrial Building Commission,* 150 Conn. 333, 340, 189 A.2d 399, and "[a]lthough some of the

standards may be general in their terms, they are reasonably sufficient to identify the criteria to be evaluated in their enforcement," *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 680, 236 A.2d 917.

None of the matters involved in the instant case was sufficiently complex or difficult to require more than the guidelines contained in the special act, which in reality connote a familiar mode of statutory and authoritative practice in matters heard by administrative bodies. *Smith* v. *Nettleship,* 195 Cal. App. 2d 393, 400, 15 Cal. Rptr. 836. See *Pierrepont* v. *Zoning Commission,* 154 Conn. 463, 469–70, 226 A.2d 659; *Pleasant Ridge* v. *Romney,* 382 Mich. 225, 243, 169 N.W.2d 625; 1 Am. Jur. 2d, Administrative Law, § 117; 73 C.J.S., Public Administrative Bodies and Procedure, § 27.

In approving or rejecting the action of the planning and zoning commission, the town council acts as a zoning authority and exercises its own independent judgment and discretion, and is not cabined to a judicial-type review of the commission's work. See *Sullivan* v. *Town Council,* 143 Conn. 280, 288, 121 A.2d 630; *O'Meara* v. *Norwich,* 167 Conn. 579, 583, 356 A.2d 906.

Our decision in *Burke* v. *Board of Representatives,* supra, is dispositive, inasmuch as that case construed an act to which the special act in question here is identical in all key respects. The rights of the plaintiff at a full public hearing before the town council were fully protected in the instant case, and he was in no way prejudiced but to the contrary was advantaged since he was given notice of the hearing, an opportunity to be heard and to present evidence

in favor of the proposed change, and he was represented by his attorney who argued at length in his behalf.

Furthermore, a reading of the proceedings of that meeting reveals that the entire matter received thorough examination and scrutiny and that the members of the council were unanimous in agreeing that the proposed change in zone would violate the comprehensive plan, militate against stabilization of property values, congest traffic and increase population concentration by allowing 97 apartments in an area zoned for 27 single-family residences.

Contrary to the plaintiff's contention, the town council need not state reasons for rejecting the commission's decision since General Statutes § 8-3, which prescribes standards for zoning commissions, requires that reasons be given only when a change of zone is approved. *Hall* v. *Planning & Zoning Board,* 153 Conn. 574, 576, 219 A.2d 445. Nothing in the special act imposes such a requirement on the town council.

Even so, since the effect of the protest and referral is to nullify the proposed change, a decision by the town council to overrule the commission and reject the change did not require that reasons be given, since no such requirement would exist for zoning authorities under General Statutes § 8-3. See *Cascio* v. *Town Council,* 158 Conn. 111, 114, 256 A.2d 685.

We cannot agree with the plaintiff's further claim that the composition of the town council of seven members (i.e., instead of five, as found in General Statutes § 8-1 for zoning commissions) was improper and failed to comply with the statement in the special act that "the town council shall be

guided by the same standards as are prescribed for zoning commissions in the general statutes." Those standards in the special act refer only to parameters of review and not to the number of members on the council.[3]

The trial court was correct in concluding that the town council did not act in a manner which was illegal, arbitrary or in abuse of its discretion in rejecting the proposed change in zone. See *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 209, 210, 230 A.2d 606.

There is no error.

In this opinion the other judges concurred.

---

[3] The Plainville Town Charter, c. 5, § 5, establishes a combined planning and zoning commission with seven members, in lieu of a zoning commission, which, under General Statutes § 8-1, consists of only five members. General Statutes § 7-193 authorizes towns to establish joint planning and zoning commissions by charter, as Plainville did here, with between five and ten members. General Statutes § 8-4a.