[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant Glastonbury Town Plan and Zoning Commission's denial of the plaintiffs' application to display on the building in which they are tenants a sign advertising their services as attorneys. The building in question is located in the Glastonbury urban renewal area. The principal dispute in this case is whether the plaintiffs' application should have been considered under the Town Plan and Zoning Regulations or, as the plaintiffs contend, under the applicable Redevelopment Agency regulations.
The facts giving rise to this appeal are undisputed. The plaintiffs, who are attorneys, lease space in a building located in the central district of Glastonbury. The central district comprises the urban renewal area in the center of Glastonbury which was formerly controlled by the Glastonbury Redevelopment CT Page 6780 Agency, and is now under the jurisdiction of the Glastonbury Town Planning and Zoning Commission. The building has 82 feet of frontage on Hebron Avenue. At the time of the application, the building, which is home to a commercial bank and professional offices, had 64 feet of existing signage consisting of three signs from existing tenants. The plaintiffs sought approval from the Commission for the installation of a wall sign approximately 3 feet by 7 feet on the exterior of the building. The proposed sign would display the name of the plaintiff's law firm.
The Commission denied the plaintiff's application. Although its decision did not formally describe the basis for the denial, individual commissioners expressed concerns about the size and design of the sign, the proliferation of signage in the central district and the billboard effect that would be created if a fourth sign were installed on the building in question. This appeal followed.
The plaintiffs' principal argument is that the Commission failed to comply with the Redevelopment Agency regulations governing signage. Those regulations, according to plaintiffs' interpretation, permit the installation of a sign or signs whose aggregate square foot size does not exceed two times the amount of the frontage of the building. Because the building in question has 82 feet of frontage, the plaintiffs contend that the total permitted signage on the building cannot exceed 164 square feet. Since the size of the proposed sign (22.75 square feet) when combined with the existing signage of 64 square feet totals 86 square feet — almost one half of the maximum amount of 164 square feet — the plaintiffs conclude that the commission was required to approve their application.
The standard for review of the Commission's decision is well established.[1] The Commission's decision must be sustained unless it acted illegally, arbitrarily or in abuse of its discretion. Zenga v. Zebrowski, 170 Conn. 55 (1975). "The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised." Oakwood Development Corporationv. Zoning Board of Appeals, 20 Conn. App. 458, 460 (1990).
The first issue is whether the Commission's decision is governed by the general signage provisions of the Glastonbury building-zone regulations or the signage provisions of the CT Page 6781 Redevelopment Agency regulations which are incorporated by reference into the building-zone regulations. As previously noted, the plaintiffs' office is in a building located in the central district of Glastonbury. The central district consists of the urban renewal area formerly under the jurisdiction of the Glastonbury Redevelopment Agency, and presently under the jurisdiction of the defendant Commission.
Section 4.13.1 of the building zone regulations provides that the "Central District Zones shall be limited to those areas formerly controlled by the Glastonbury Redevelopment Agency and now controlled by the Town Plan and Zoning Commission . . ." Section 4.13.4 in turn provides that "[t]he uses, buildings andstructures within a Central District Zone shall, except as to the matters set forth in the Sections 4.13.2 and 4.13.3 above, be controlled and governed by the provisions of the Urban Renewal Plan where applicable, or by the Building-Zone Regulations, if not specified by the Urban Renewal Plan" (emphasis supplied).
Plaintiff contends that because the definition of"structures" in the Building-Zone Regulations includes signs, the provisions of the Urban Renewal Plan, should govern the defendant's consideration of the plaintiffs' sign application. Specifically, Section 2.40 of the building zone regulations defines structure as anything constructed or erected whichrequires location on the ground, including signs . . ." (emphasis supplied). By the terms of Section 2.40 the essential element of a structure is its "location on the ground." Since plaintiffs' sign is not to be located on the ground, but rather on the building, it plainly cannot be considered a structure within the meaning of Section 2.40.
Although the specific definition of structure does not support plaintiff's claim, the evident purpose and intent of Section 4.13.4, when considered in its entirety, requires the conclusion that the provisions of the Urban Renewal plan, and not the building zone regulations, control the Commission's decision in this case. Section 4.13.4 provides that the "uses, buildings and structures within a Central District Zone, shall be controlled and governed by the provisions of the Urban Renewal Plan where applicable." The Urban Renewal Plan § C.2.b. (2). vii. sets forth detailed provisions governing the use of signs. It is clear, therefore, that when read as a whole, the Urban Renewal Plan was intended to govern not only the "uses, buildings and structures within the Central District Zone", but CT Page 6782 also the use and display of signs in connection with those uses, buildings and structures. It would be anomalous to conclude, as defendant urges, that the provisions of the building-zone code applies to signs, when the Urban Renewal Plan itself contains explicit and detailed requirements governing signs. Because related provisions of a statute or regulations are to be construed as a whole; Clinton Nurseries, Inc. v. DelGreco,205 Conn. 178, 193 (1987); and the entire enactment is to be harmonized so that each part is made operative; Pelletier v.Caron Pipe Jacking, Inc., 13 Conn. App. 276, 280 (1989); consideration of the plaintiffs' application is governed by § C.2.b.(2).vii. of the Urban Renewal Plan, which sets forth specific standards governing signs on buildings in the redevelopment zone.
§ C.2.b.(2).vii. provides that "[o]utdoor signs, advertising the business carried on within the building or on the premises, are permitted, except that the total area of all such signs shall be limited to 2 square feet for each foot of frontageoccupied by the building or business displaying the sign . . ." (emphasis supplied). Pursuant to this provision the maximum permitted size of a sign, therefore, is determined by doubling the frontage occupied by the building or business displaying the sign. In this case, it is the plaintiffs' business, not the building, which is displaying the sign. Therefore the maximum size of the plaintiffs' sign is determined by doubling the frontage of the area occupied by the plaintiffs. This interpretation gives appropriate recognition to the fact that a building may have multiple businesses wishing to display signs, and that each business is entitled to utilize a pro rata share of the maximum amount of permitted advertising space. To hold otherwise, as plaintiffs urge, would impose no limitations on the size of any one sign provided the total aggregate size of all signs is less than twice the frontage of the building in question. Such an interpretation is inconsistent with the plain language and intent of the Redevelopment regulations.
In this case the record does not disclose, and the Commission apparently did not determine, the amount of frontage occupied by the plaintiffs. On remand, therefore, the agency is directed to consider the plaintiffs' application in accordance with the formula set forth in § C.2.b.(2).vii, namely the maximum permitted square footage of the plaintiffs' sign is equal to two times the frontage occupied by the plaintiffs. Upon that determination the Commission is instructed to approve the CT Page 6783 plaintiff's application in accordance with the criteria set forth in § C.2.b.(2).vii.
To the extent that the defendant Commission denied the plaintiffs' application based on criteria or considerations other than those set forth in § C.2.b.(2).vii., such decision is illegal and an abuse of discretion.[2] Capalbo v. Planning Zoning Board of Appeals, 208 Conn. 480, 492 (1988) makes clear that pursuant to General Statutes § 8-2, the power conferred on local zoning commissions is limited to the authority to regulate "the height, size and location of advertising sign and billboards." The legislature "did not confer upon municipalities the power to regulate signs and billboards in any way." Accordingly, the decision of the defendant Commission is reversed and the matter is remanded to the Commission to consider the plaintiffs' application in accordance with the factors set forth in § C.2.b.(2).vii of the Redevelopment Agency Regulations, as described in this decision.
SO ORDERED.
Robert L. Holzberg, J.