## AVALONBAY COMMUNITIES, INC. *v.* INLAND WETLANDS AND WATERCOURSES AGENCY OF THE TOWN OF STRATFORD*

Superior Court, Judicial District of New Britain
File No. CV-020514674

Memorandum filed May 9, 2003

*Timothy S. Hollister* and *Amy E. Souchuns*, for the plaintiff.

*Kevin C. Kelly*, town attorney, for the proposed intervenor (town council of the town of Stratford).

SHORTALL, J. In aid of its proposal to build a 146 unit rental apartment community, the plaintiff, AvalonBay Communities, Inc. (developer), applied for a permit to conduct certain regulated activities affecting inland wetlands in the town of Stratford. After holding public hearings, the defendant, the town's inland wetlands and watercourses agency (agency), denied permission.

---

* Reversed. *AvalonBay Communities, Inc.* v. *Zoning Commission*, 87 Conn. App. 537, 867 A.2d 37 (2005).

This is the developer's appeal from that denial, pursuant to the Inland Wetlands and Watercourses Act, General Statutes §§ 22a-28 to 22a-45.[1]

On February 13, 2003, the town council of the town of Stratford (town council) filed a verified pleading pursuant to General Statutes § 22a-19 (a), seeking to intervene in this appeal and asserting that the development would cause environmental damage to inland wetlands.[2]

The developer has moved on several grounds to strike the intervention petition. The court agrees that the petition must be stricken because the town council is seeking to interfere in a matter committed exclusively to the agency and, therefore, is not entitled to the relief it seeks, viz., to become a party to the appeal.[3]

As required by General Statutes § 22a-42 (a), the town of Stratford has established the agency to regulate "activities affecting the wetlands and watercourses within the territorial limits of" Stratford. That same statute expressly provides that, once established, such an agency "shall serve as the *sole agent* for the licensing of regulated activities" in the town. (Emphasis added.) General Statutes § 22a-42 (c). Although the court has found no cases addressing the relation between a town's

---

[1] The developer has also appealed from denial by the zoning commission of the town of Stratford of certain zoning changes and approval of a site development plan, and that appeal is pending in this court. See *AvalonBay Communities, Inc.* v. *Zoning Commission*, Superior Court, judicial district of New Britain, Docket No. 513808.

[2] Although the town presented evidence and argument in opposition to the development before the agency on environmental grounds, it did not seek to intervene as a party there, nor did it seek to intervene in this appeal from the time it was filed in January, 2002, until February, 2003.

[3] Accordingly, the court need not reach the other grounds on which the developer seeks to strike the intervenor petition of the town council, viz., that the town council has not complied with the statutes and provisions of our rules of practice governing intervention in a pending lawsuit, and that the court cannot grant any practical relief to the town council.

inland wetlands agency and its legislative body, there is a well established body of law to the effect that zoning commissions created under the zoning enabling act, chapter 124 of the General Statutes, are the exclusive authorities within towns charged with regulating the use of the real property located in the towns and may not be interfered with by the legislative bodies of the towns in carrying out the duties entrusted to them by the act. See, e.g., *Olson* v. *Avon*, 143 Conn. 448, 454, 123 A.2d 279 (1956); *State ex rel. Bezzini* v. *Hines*, 133 Conn. 592, 596, 53 A.2d 299 (1947). "Once the zoning commission is established and commences its functions, it is not subject to interference by the legislative body . . . ." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 3.2, p. 26.

No reason appears why the same rule should not apply to the operations of the agency which the legislature required the town council to create to regulate the inland wetlands and watercourses in the town. It should be remembered that, just as the power of the town to regulate land use devolves from the state; *Capalbo* v. *Planning & Zoning Board of Appeals*, 208 Conn. 480, 490, 547 A.2d 528 (1988); the only power towns like Stratford have to regulate wetlands and watercourses is the power delegated to them by the legislature, and that power can be exercised only in conformity with the Inland Wetlands and Watercourses Act. See *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 591–92, 628 A.2d 1286 (1993). That act requires that the agency created pursuant to the act be the "sole agent" for the licensing of regulated activities in the town.

The town council argues strenuously that all it seeks is the right to be heard on environmental issues important to the town. The environmental issues cited in the town council's petition, however, are identical to those "identified and relied upon by [the agency] as the basis for denying the application of [the developer]

for a permit to conduct regulated activity." The agency, in defending against the developer's appeal, has filed a comprehensive, thirty-five page brief, thoroughly covering the legal and factual arguments in support of its decision. The agency hardly seems to require the town council's assistance in carrying out its statutory duties as the town's "sole agent" in environmental matters.

At oral argument on the developer's motion to strike, the town council candidly admitted that its effort to intervene was prompted by concerns it has as to a potential settlement of this litigation between the agency and the developer, and the town council's desire to preclude a settlement it may not believe is in the town's best interests. As a party, it appears, the town council would have to agree to any settlement, at least as far as it affects the environmental issues raised in its petition. See *Dietzel* v. *Planning Commission*, 60 Conn. App. 153, 160, 758 A.2d 906 (2000). This gives it veto power over a settlement even though the agency believes that the settlement meets the needs of the town, including the need to protect its inland wetlands. This power, to substitute its judgment for that of the agency in a matter involving the licensing of regulated activities, is one the town council does not have under the Inland Wetlands and Watercourses Act.

The town council's desire to be heard can be satisfied by its seeking to file an amicus curiae brief with the court without upsetting the division of powers mandated by the act. Cf. *Thalheim* v. *Greenwich*, 256 Conn. 628, 644–46, 775 A.2d 947 (2001).

The factual allegations of the town council's pleading are insufficient to support its claim for relief, viz., that it be permitted to intervene as a party in this appeal, for the reasons previously stated. Therefore, the motion to strike its intervention petition is granted. See *Fort*

*Trumbull Conservancy, LLC* v. *Alves,* 262 Conn. 480, 497–502, 815 A.2d 1188 (2003).