WALDIMER OLSON ET AL. *v.* TOWN OF AVON ET AL.

INGLIS, C. J., O'SULLIVAN, WYNNE, DALY and SHEA, Js.

Argued May 4—decided May 29, 1956

*Charles J. Cole,* with whom, on the brief, was *Clinton B. Townsend, Jr.,* for the plaintiffs.

*Benjamin Hinman,* for the defendants.

INGLIS, C. J.  In this action the plaintiffs seek a declaratory judgment determining the validity of a provision in the Avon zoning regulations requiring approval by a town meeting of any amendment of the regulations before it can become effective. The case has been reserved for the advice of this court.

The stipulation for reservation sets forth the following facts: At a special town meeting of the town of Avon in March, 1939, it was voted that a zoning commission be established pursuant to the general law.  Such a commission was appointed by the meeting, and a set of zoning regulations prepared in advance was adopted. Section 5 of the regulations provided: "These regulations shall not be amended, changed or repealed until after a public hearing held by the Zoning Commission and approval by a majority vote at a town meeting." Later, the zoning commission adopted the identical set of regulations that had been voted by the town meeting. In September, 1947, after the General Assembly at its 1947 session had revised the general law relating to zoning, a special town meeting of the town of Avon voted that the town adopt the provisions of No. 418 of the 1947 Public Acts, entitled "An Act Amending the Zoning Enabling Act." General Statutes, Sup. 1947, c. 29.  On February 9, 1948, the zoning com-

mission held a hearing with respect to proposed amendments to the zoning regulations. On February 16, a town meeting voted to adopt the amended regulations which had been the subject of the hearing before the zoning commission, and then, on February 27, the zoning commission adopted them. The amended regulations so adopted contained as § 10 the following provision: "These regulations shall not be amended, changed or repealed until after a public hearing held by the Zoning Commission and approval by a majority vote at a town meeting."

By November 15, 1955, the zoning commission in Avon, in some manner not set forth in the stipulation, had come to be known as the zoning and planning commission. On that day it held a hearing concerning a proposal to change the zone of two contiguous properties owned by the plaintiffs from residential and agricultural to industrial. On November 21, the zoning and planning commission unanimously approved the proposed change of zone but did not set the date upon which the change would become effective because it had become the practice not to set such a date until after a town meeting had approved the amendment. Pursuant to § 10 of the regulations, the change of zone adopted by the commission was referred to a town meeting held on December 14, 1955. At that meeting the action of the zoning and planning commission in approving the change of zone did not receive the approval of a majority vote.

The questions propounded by the reservation are (a) "[w]hether or not that requirement in said Section 10 of the Zoning Regulations for the Town of Avon specifying approval by a majority vote at a Town Meeting is a valid and binding condition precedent to an effective change of zone" and (b)

"[w]hether or not the action of the Town Meeting of the Town of Avon held on December 14, 1955, in purporting to act as to said change of zone was a nullity, invalid and of no legal force and effect." In passing, we call attention to the fact that these questions are not framed in the approved form. They are put in the alternative, "whether or not." Thus they do not permit a Yes or No answer. Where possible, questions should be stated in such a way that they can be answered categorically. *Barnes* v. *New Haven,* 140 Conn. 8, 11, 98 A.2d 523; *General Motors Corporation* v. *Mulquin,* 134 Conn. 118, 132, 55 A.2d 732; Maltbie, Conn. App. Proc., p. 180, § 132.

The answer to the questions propounded depends upon a determination of what are the powers with reference to zoning that the legislature has vested in towns acting in town meetings and in zoning commissions, respectively. There is no doubt that in towns which are not consolidated towns and cities the power to decide whether the town will adopt zoning under the general law or, having adopted it, will abandon it rests in the voters of the town, to be exercised in a duly warned town meeting. *Madison* v. *Kimberley,* 118 Conn. 6, 11, 169 A. 909. Whether a town meeting has the power to revoke or amend zoning regulations which have been enacted by a zoning commission after the town has adopted zoning under the general enabling act is, however, quite a different question.

In *State ex rel. Bezzini* v. *Hines,* 133 Conn. 592, 53 A.2d 299, we were faced with the question whether under the general enabling zoning act of 1925 it was competent for a town meeting to repeal in toto the zoning regulations. We said (p. 596) : "The act of 1925 gave to the zoning commission the power to make zoning regulations and to amend, change or

repeal them from time to time, and prescribed certain limitations and procedures to be followed in taking such action; and such provisions have been ever since and still are contained in the zoning statutes. A reading of them leaves no doubt that it was the intent of the General Assembly to vest in a zoning commission the sole authority to make, amend or repeal regulations; and for that purpose the zoning commission became the legislative agency of the municipality. To admit that a town meeting could amend or repeal regulations duly made by the commission would be to recognize in it a power directly at variance with the legislative intent." The zoning enabling statutes were rewritten in 1947. Sup. 1947, c. 29. This general enabling act was incorporated in chapter 43 of the Revision of 1949. Many of the sections comprising this chapter have since been amended. The question now before us is whether, under the law as it now stands, what we said in the *Bezzini* case, supra, concerning the intention of the General Assembly still holds true.

Section 121i of the 1947 Supplement became § 836 of the General Statutes and is now without substantial change § 373d of the 1955 Cumulative Supplement. It provides that any municipality may, by vote of its legislative body, adopt zoning and "exercise through a zoning commission" the powers granted under the general zoning law. The significant provision in this section is that the zoning powers of a town are to be exercised through its zoning commission. This, by implication, excludes the voters of the town in town meeting from exercising those powers. By § 122i of the 1947 Supplement, which became § 837 of the General Statutes and, as slightly amended on December 13, 1955, § N10 of the November, 1955, Supplement, it is the zoning commission

and not the town meeting which is authorized to "divide the municipality into districts" and to "regulate the erection . . . or use of buildings or structures and the use of land." Section 123i of the 1947 Supplement, which became § 838 of the General Statutes and is now § 375d of the 1955 Cumulative Supplement, in its latest form contains provisions which are very pertinent to the question before us. It directs that the "zoning commission shall provide for the manner in which such regulations and the boundaries of zoning districts shall be respectively enforced and established and amended or changed." It also provides: "Such regulations and boundaries may, from time to time, be amended, changed or repealed by such zoning commission by a majority vote of the commission, except as otherwise provided herein." The last phrase refers to provisions requiring more than a majority vote of the commission under certain circumstances. There is nothing in the section as it now reads which permits a vote of a town meeting to approve any amendment adopted by the zoning commission.

There is one change which has been made in the section just referred to which is of great significance. As already stated, when the General Assembly revised the zoning enabling act in 1947, this section was § 123i. At that time the provision in it empowering the zoning commission to amend the zoning regulations was followed by a provision that if at the hearing before the commission a majority of those present opposed the proposed changes, "such . . . changes or amendments . . . shall not become effective unless they have been approved by a majority of those present at a town meeting warned and held for that purpose." This provision remained in the law for only four years. The General As-

.sembly in 1951 removed it from the law. Cum. Sup. 1951, § 157b. While the provision was in effect, it doubtless vested in the voters of a town some control over the action of its zoning commission in a limited number of cases. It did not, however, go so far as to permit such control in all cases, as § 10 of the Avon regulations did. In any event, the repeal of the provision in 1951 points up the fact that at least after the repeal it was the legislative intent that the voters of a town should have nothing to do with the action of the zoning commission in changing zoning regulations or zone boundaries.

We conclude that the provisions of the zoning enabling act as it now stands make it abundantly clear that the legislative intent is to vest the power both to enact and to change zoning regulations and zone boundaries exclusively in the zoning commissions of the respective towns and that whatever a zoning commission may do in this regard is in no way subject to the control of a town meeting. Consequently, any attempt by a zoning commission to delegate the powers so vested in it to a town meeting is violative of the statute.

The defendants point to the opening sentence of § 375d of the 1955 Cumulative Supplement, which reads as follows: "Such zoning commission shall provide for the manner in which such regulations and the boundaries of zoning districts shall be respectively enforced and established and amended or changed." They argue that the adoption by the zoning commission of Avon of the regulation which provides that no change shall become effective until approved by a town meeting is valid because it "provide[s] for the manner in which" the zoning regulations shall be changed. The answer to that contention is that the delegation to the voters of the town

of the power of final decision is much more than a provision for the manner in which the regulations may be changed. It purports to remove from the commission and place in the voters the power to determine what changes shall be made, a power which by the statutes is, as we have already pointed out, vested in the commission exclusively.

The defendants make one other contention which requires attention. It is based on § 839 of the General Statutes. This section provides: "All zoning regulations and zoning districts or boundaries legally adopted prior to October 1, 1947, by any town, city or borough under the provisions of sections 88c of the 1935 supplement and 132e of the 1939 supplement to the general statutes and sections 423, 424, 425 and 426 of the general statutes, revision of 1930, or any special act, shall remain in full force and effect, subject to change or amendment under the provisions of section 838." The argument is that inasmuch as § 10 of the Avon regulations was adopted at a time when the General Statutes provided that under certain circumstances a change in the zoning regulations should be acted upon by a town meeting, it was valid when adopted and therefore was continued as a valid enactment by § 839. This argument fails for two reasons. In the first place, § 10 was not adopted prior to October 1, 1947, the date stated in § 839; in the second place, it was not adopted pursuant to and was not authorized by any of the sections of the General Statutes referred to in § 839. The purpose which prompted the enactment of § 839, which originated in 1947 as § 129i, was simply to make certain that towns which had adopted zoning and enacted zoning regulations prior to October 1, 1947, the effective date of the general revision of the zoning enabling act, could continue to

operate under the former enabling act without again adopting zoning or re-enacting their zoning regulations. Clearly the section cannot be construed in such a way as to have any bearing on the validity of a zoning regulation adopted after October 1, 1947.

Section 10 of the Avon zoning regulations so far as it provides that changes in zoning regulations and zone boundaries shall not become effective until approved by a town meeting is contrary to the general statutes relating to zoning, which give the power to decide such matters to the zoning commission exclusively. Consequently, § 10 is invalid. It follows that the town meeting had no power to override the change of zone for the plaintiffs' properties enacted by the zoning commission.

We answer the questions propounded in the reservation as follows: (a) The requirement in § 10 of the zoning regulations for the town of Avon specifying approval by a majority vote at a town meeting is not a valid condition precedent to an effective change of zone. (b) The action of the town meeting of the town of Avon held on December 14, 1955, in purporting to act as to the change of zone of the plaintiffs' properties was a nullity and of no legal force or effect.

No costs in this court will be taxed in favor of any party.

In this opinion the other judges concurred.