COSTOS C. POULOS v. ANTHONY CAPARRELLI, BUILDING INSPECTOR OF THE TOWN OF PLAINVILLE

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 138448

Memorandum filed August 17, 1964

*Theodore Poulos,* of Plainville, for the plaintiff.

*Allen J. Segal,* of Plainville, for the defendant.

PALMER, J. This is an action in the nature of mandamus to require the defendant, as the building inspector of the town of Plainville, to issue a building permit to the plaintiff. The case has been submitted to the court on a written stipulation of facts entered into by the parties, together with a number of papers that the parties agree contain correct and accurate statements of the matters set forth therein.

The legal issues involved in this case have been the subject of dispute and controversy between the Plainville town council and the Plainville planning and zoning commission, in the course of which various legal actions and steps were taken. The existence of this dispute does serve to signify that a determination of these issues is a matter of considerable importance to the public officials of Plainville, as well as those citizens whose rights may be affected; otherwise, it is without relevance in this case.

Pursuant to the provisions of the so-called Home Rule Act (General Statutes §§ 7-187—7-201), the town of Plainville duly adopted a new home rule charter, which became effective on October 5, 1959.

Certain amendments to this charter were duly approved on November 15, 1961, pursuant to the Home Rule Act. The charter as amended provides for a town planning and zoning commission to perform the duties formerly performed by the town planning commission and the town zoning commission, which had been abolished. The new town planning and zoning commission, hereinafter sometimes called the commission, was invested with "all the powers and duties which may be conferred or imposed upon such bodies by the general statutes or any revision thereof on the date of the adoption of the amendment of this Charter and all statutes or any revision thereof pertaining to zoning or planning under which the former Town Planning Commissions and Town Zoning Commission functioned are hereby reenacted so far as they are not inconsistent with the provisions of this Charter and provided further whatever action by a town meeting was or may hereafter be required by law said action shall be required by the town council." Plainville Charter, c. 5, § 5 (as amended, 1961).

The charter as amended also provides: "Any action taken by the Town Planning and Zoning Commission pursuant to Chapter 5, Section 5 of this charter enacting, amending or repealing any building or zoning regulations or ordinances, or changing the zoning map of the Town of Plainville shall be submitted to the Town Council and reviewed by it within 30 days thereafter. In the event the Town Council fails to reject such action as proposed by the Town Planning and Zoning Commission the same shall become effective at the expiration of said thirty (30) day period. If the Town Council rejects such change within the prescribed time, the proposed action of the Town Planning and Zoning Commission shall not become law." Plainville Charter, c. 3, § 16 (as amended, 1961).

On June 1, 1964, the plaintiff owned certain land in the town of Plainville. Under zoning regulations adopted by the former town zoning commission which became effective on March 28, 1956, this land had been located in a business zone, and in such a zone use of land for the erection of an office building was permissible without first obtaining permission to do so from the zoning commission. Plainville Zoning Regs. § 5 (1956).

On October 22, 1963, after holding a public hearing, the planning and zoning commission adopted changes in the zoning map and new zoning regulations effective December 1, 1963. As a result of these changes the land in question was placed in a new restricted business zone, and the new regulations for such a zone provided that an office building could not be erected therein without the prior approval by the commission of a site plan. Plainville Zoning Regs. § 5.2 (1963). However, on November 18, 1963, the town council of Plainville, acting under the authority of § 16, as amended, of chapter 3 of the charter, voted to reject the action of the planning and zoning commission relative to the restricted business zone.

On June 1, 1964, the plaintiff made application to the defendant as the building inspector for a building permit to construct an office building on the plaintiff's land at the intersection of the east side of Hough Street and the south side of East Main Street, and known as 94 East Main Street. The defendant building inspector rejected the plaintiff's application and stated in writing that his "office is operating under the Restricted Business Zone as amended to December 1, 1963 and a building permit cannot be issued without prior approval from the Town Planning and Zoning Commission of the Town of Plainville, Conn." It follows, there-

fore, that the defendant has taken the position that the town council's rejection of the commission's action in changing the zoning map and enacting new zoning regulations for a restricted business zone had no legal effect, and that the 1963 zoning changes were in force, despite the attempted veto by the town council.

It is the plaintiff's claim that § 16, as amended, of chapter 3 of the charter is valid, and that the town council was thereby empowered to reject the action taken by the commission in changing the zone in which the land in question is located to a new restricted business zone and in enacting new regulations for the new zone. It is the plaintiff's further claim that as a result of the town council's rejection of the action of the commission the plaintiff's land remains in its previous business zone under the 1956 regulations, which remain in effect as to this land. The defendant agrees that if the town council's veto of the commission's action was valid, then the plaintiff's land is in a business zone under the 1956 regulations.

The ultimate issue in this case is whether the town council's veto of the commission's action was legally effective to nullify and abrogate such action, pursuant to the authority vested in the town council by § 16, as amended, of chapter 3 of the charter. Stated more simply, the question is, did the town council have the legal right to veto the commission's action? This in turn depends upon whether the provisions of the Home Rule Act authorized and empowered the town of Plainville to include in its charter the provision that the town council may reject any action taken by the town planning and zoning commission "enacting, amending or repealing any . . . zoning regulations or ordinances, or changing the zoning map of the Town of Plainville," which is contained in § 16 as amended. The plain-

tiff argues that under the Home Rule Act the town may validly incorporate such a provision in its charter. The defendant's position is that the town may not do so because it is an invasion of the powers vested in the commission by the provisions of the General Statutes relating to zoning.

The defendant cites *Burke* v. *Board of Representatives,* 148 Conn. 33. In that case, a provision of the Stamford charter enacted by special act of the General Assembly expressly provided that when a petition objecting to a decision by the zoning board to amend the zoning map is filed, the zoning board must refer the matter to the town's board of representatives, whose function is to review the action of the zoning board upon the written findings, recommendations and reasons of the zoning board, and to approve or reject the amendment. The plaintiff in *Burke* did not challenge the legislative delegation of power to the board of representatives to approve or reject amendments made by the zoning board, but *only* the procedures followed by the board of representatives. *Burke* is of no assistance to the defendant because in that case the General Assembly had *specifically invested* the board of representatives with the power to approve or reject amendments to the zoning map. In the present case, the problem is whether the Home Rule Act does invest municipalities with the power to limit or curtail the powers granted to zoning commissions by the General Statutes. In *Burke,* the legislature had granted the board of representatives the power to reject; here the underlying question is whether the legislature has granted the town authority to empower the town council to reject by virtue of the Home Rule Act.

In *Olson* v. *Avon,* 143 Conn. 448, the town established a zoning commission pursuant to the General Statutes. The commission adopted zoning regula-

tions, which contained a provision that they "shall not be amended, changed or repealed until after a public hearing held by the Zoning Commission *and* approval by a majority vote at a town meeting." (Italics supplied.) Our Supreme Court of Errors held (p. 454) that the zoning commission could not delegate to a town meeting the power to enact and to change zoning regulations and boundaries. Obviously, this holding does not control this case. In the *Olson* case, the zoning commission's attempt to delegate zoning power vested in it by a general statute was invalidated. In this case, there is an entirely different situation created by the attempt of the town of Plainville, purporting to act under the Home Rule Act, to confer upon the town council the power to veto action taken by the planning and zoning commission in the exercise of its zoning powers under substantially the same general statute.

However, *Olson* v. *Avon*, supra, 452, does establish our law in respect to the power and authority of zoning commissions generally. Speaking in reference to a statute that is now without substantial change, General Statutes § 8-1, as amended, the court said: "It provides that any municipality may, by vote of its legislative body, adopt zoning and 'exercise through a zoning commission' the powers granted under the general zoning law. The significant provision in this section is that the zoning powers of a town are to be exercised through its zoning commission." The court further said (p. 454): "We conclude that the provisions of the zoning enabling act as it now stands make it abundantly clear that the legislative intent is to vest the power both to enact and to change zone regulations and zone boundaries *exclusively* in the zoning commissions of the respective towns . . . ." (Italics supplied.)

Thus, the question which presents itself is whether the legislative intent to vest zoning power and authority exclusively in zoning commissions has been changed or modified by the passage of the Home Rule Act so that a town under the act may in its charter divest a zoning commission of the exclusive power to enact and change zoning regulations and boundaries. The answer to this question calls for a careful examination of the act's provisions.

In the section entitled "Powers," the Home Rule Act grants to any town, city or borough which adopts or amends a charter under its provisions fifty-seven specific powers. General Statutes § 7-194, as amended. It seems to the court that it is of great significance that nowhere in the enumeration of these fifty-seven specific powers is there any mention whatever of zoning powers or authority. This can hardly be deemed an oversight in this day when the exercise of zoning powers is a frequent, every-day occurrence, and our courts are crowded with litigation concerning zoning matters. It is difficult to escape the conclusion that the General Assembly deliberately omitted any reference to zoning and was content to leave the law as it was expounded by the Supreme Court of Errors in *Olson* v. *Avon,* 143 Conn. 448: "The legislature is presumed to be aware of the interpretation placed upon its legislation by the courts and the effect which its own nonaction thereafter may have." *Buxton* v. *Ullman,* 147 Conn. 48, 56; *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 63.

The fact that the legislature has seen fit to grant to municipalities under the Home Rule Act fifty-seven specific powers covering an extremely wide range of governmental activity without any reference to or mention of zoning powers would appear to call for the application of the following recog-

nized and established principle of statutory construction: "An enumeration of powers in a statute is uniformly held to forbid the things not enumerated." *State ex rel. Barlow* v. *Kaminsky*, 144 Conn. 612, 620; *State ex rel. Morris* v. *Bulkeley*, 61 Conn. 287, 367.

If the Home Rule Act is to be construed as the plaintiff claims, such construction must be accomplished by implication, as there is admittedly no express grant of the zoning power contended for. Under General Statutes § 7-194 (26), a town is granted power "to make and enforce police, sanitary and other similar regulations and to protect or promote the peace, safety, good government and welfare of the town . . . and its inhabitants." As a matter of statutory interpretation, the court cannot find that the power to make "police, sanitary and other similar regulations" implies a grant of any zoning power whatever. If the legislature intended to grant such power, it could easily have said so. The power "to protect or promote the peace, safety, good government and welfare of the town ... and its inhabitants" conceivably can include all-inclusive powers of any and every kind without any limitations whatever. However, the court does not believe that the legislature intended by the use of such general language to authorize towns to overturn the doctrine of *Olson* v. *Avon*, supra, 454, that "the legislative intent [of the general zoning law] is to vest the power both to enact and to change zone regulations and zone boundaries exclusively in the zoning commissions of the respective towns."

If the Home Rule Act by implication authorizes the town of Plainville to empower the town council to veto action of the planning and zoning commission, it may well be asked, what are the limits of the town's powers to legislate under the Home Rule

Act in the field of zoning? The implied power claimed is not limited in any way by the act. If the town can encroach one step upon the authority vested in the planning and zoning commission by the general zoning law, why cannot the town throw off and ignore all the provisions and restraints now contained in the general law? It can then vest any zoning power it sees fit in the town council or in any other body it chooses. It can set up its own zoning standards and its own zoning enabling legislation. If the town of Plainville has such power under the Home Rule Act, any other town, borough or city in this state can do likewise. To hold that the act bestows such power is to say that the General Assembly has reversed its "prior commendable legislative policy of effectuating uniformity and clarity amidst the confused pattern of general and special zoning legislation in Connecticut." *Raffia* v. *Zoning Board of Appeals,* 151 Conn. 484, 486. The court does not find any legislative intent to do so in the Home Rule Act.

It is the conclusion of the court that the Home Rule Act does not grant to any town which adopts or amends a charter under its provisions any power or authority to divest its zoning commission of any of its exclusive power to enact and change zoning regulations and zone boundaries, as determined by *Olson* v. *Avon,* supra. It therefore follows that § 16, as amended, of chapter 3 of the Plainville charter is invalid because it purports to authorize the Plainville town council to invade the exclusive province of the Plainville planning and zoning commission without legislative sanction to do so. Consequently, the vote of the town council in rejecting the action of the planning and zoning commission in respect to the creation of a new restricted business zone and the enactment of new zoning regulations in regard to the same, to become effective

December 1, 1963, was a nullity and of no legal force or effect.

Accordingly, the change of the zoning map and the new zoning regulations in respect to a restricted business zone became effective on December 1, 1963. No question has been raised here in respect to the validity of the commission's action apart from the town council's attempted veto. As a result of the change of zone, the plaintiff's land is now located in a restricted business zone. In such a zone, under § 5.2 of the amended zoning regulations, the plaintiff is not entitled to a building permit to erect an office building until he has first obtained approval of a site plan by the planning and zoning commission. Such approval has not been granted, and for that reason he is not entitled to a building permit.

In view of the foregoing, it is unnecessary to pass upon the defendant's three special defenses.

The issues upon the complaint are found for the defendant, and judgment may enter for the defendant to recover his costs.