## AVALONBAY COMMUNITIES, INC. *v.* ZONING COMMISSION OF THE TOWN OF STRATFORD*

Superior Court, Judicial District of New Britain
File No. CV-020513808

* Reversed. *AvalonBay Communities, Inc.* v. *Zoning Commission,* 87 Conn. App. 537, 867 A.2d 37 (2005).

Memorandum filed May 9, 2003

*Timothy S. Hollister* and *Amy E. Souchuns*, for the plaintiff.

*Kevin C. Kelly*, town attorney, for the proposed intervenor (town council of the town of Stratford).

SHORTALL, J. The plaintiff, AvalonBay Communities, Inc. (developer), proposes to build a 146 unit rental apartment community in which 25 percent of the units would be "affordable housing," i.e., restricted by price and deed provisions to persons and families of low and moderate income. In aid of that development, the developer sought from the defendant, the zoning commission of the town of Stratford (commission), the creation of a new "mixed income housing development" zone, a zone change of a parcel of land to the new zone and approval of a site development plan, all of which were denied. This is its appeal from that denial, taken under the affordable housing land use appeals statute, General Statutes § 8-30g.[1]

The case is fully briefed and ready for argument, and has been since September, 2002.[2] On February 13, 2003,

---

[1] The developer has also appealed from the denial by the inland wetlands and watercourses agency of the town of Stratford of a permit to conduct "regulated activities" affecting inland wetlands, and that appeal is pending in this court. See *AvalonBay Communities, Inc.* v. *Inland Wetlands & Watercourses Agency*, Superior Court, judicial district of New Britain, Docket No. 514674.

[2] According to the court file, there have been several preargument conferences in the interim. This court, of course, has not been party to those conferences.

the town council of the town of Stratford (town council) filed a verified pleading pursuant to General Statutes § 22a-19 (a), seeking to intervene in this appeal and asserting that the development would cause environmental damage to inland wetlands.[3]

The developer has moved on several grounds to strike the intervention petition. The court agrees that the petition must be stricken because the town council is seeking to interfere in a matter committed exclusively to the commission and, therefore, is not entitled to the relief it seeks, viz., to become a party to the appeal.[4]

As permitted by General Statutes § 8-1, the town of Stratford has adopted the provisions of chapter 124 of the General Statutes, otherwise known as the zoning enabling act. Section 8-1 (a) permits the legislative body of the town to "exercise *through a zoning commission* the powers" to regulate land use granted to it by chapter 124. (Emphasis added.) "Once the zoning commission is established and commences its functions, it is not subject to interference by the legislative body . . . ." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 3.2, p. 26. Numerous cases support this proposition. See, e.g., *Olson* v. *Avon*, 143 Conn. 448, 454, 123 A.2d 279 (1956); *State ex rel. Bezzini* v. *Hines*, 133 Conn. 592, 596, 53 A.2d 299 (1947).

"The power to determine what are the needs of a town with reference to the use of the real property located in it and to legislate in such a manner that those

---

[3] Although the town presented evidence and argument in opposition to the development before the commission on environmental grounds, it did not seek to intervene as a party there, nor did it seek to intervene in this appeal from the time it was filed in January, 2002, until February, 2003.

[4] Accordingly, the court need not reach the other grounds on which the developer seeks to strike the intervenor petition of the town council, viz., that the town council has not complied with the statutes and provisions of our rules of practice governing intervention in a pending lawsuit, and that the court cannot grant any practical relief to the town council.

needs will be satisfied is, by statute, vested *exclusively* in the zoning commission." (Emphasis added.) *Finch* v. *Montanari*, 143 Conn. 542, 545, 124 A.2d 214 (1956).

So well established is this principle that, even when a zoning commission, itself, adopted a regulation requiring approval of any zone change by the town's legislative body, the Supreme Court invalidated the regulation, concluding that "the provisions of the zoning enabling act [chapter 124] as it now stands make it abundantly clear that the legislative intent is to vest the power both to enact and to change zoning regulations and zone boundaries exclusively in the zoning commissions of the respective towns and that whatever a zoning commission may do in this regard is in no way subject to the control of a town meeting. Consequently, any attempt by a zoning commission to delegate the powers so vested in it to a town meeting is violative of the statute." *Olson* v. *Avon*, supra, 143 Conn. 454.

The town council argues strenuously that all it seeks is the right to be heard on environmental issues important to the town.[5] At oral argument on the developer's motion to strike, however, the town council candidly admitted that its effort to intervene was prompted by concerns it has as to a potential settlement of this litigation between the commission and the developer, and the town council's desire to preclude a settlement it may not believe is in the town's best interests. As a party, it appears, the town council would have to agree to any settlement, at least as far as it affects the environmental issues raised in its petition. See *Dietzel* v. *Planning Commission*, 60 Conn. App. 153, 160, 758 A.2d

---

[5] This despite the fact that the commission, in defending against the developer's appeal, has filed a comprehensive memorandum of law as well as a brief in reply to the developer's appeal brief, in both of which there is substantial attention paid to the serious environmental concerns on which both the commission and the inland wetlands and watercourses agency based their refusals to approve the proposed development.

906 (2000). This gives it veto power over a settlement even though the commission believes that the settlement meets the needs of the town, including the need to protect its inland wetlands. This power, to substitute its judgment for that of the commission in a matter involving the use of town land, is one the town council does not have under the zoning enabling act.

It may be argued that the town council, consisting of the elected representatives of the townspeople, should be the final arbiter of what use of the town's land is in the public interest. The short answer is the one given by the Supreme Court: "[I]t was the legislative intent that the voters of a town should have nothing to do with the action of the zoning commission in changing zoning regulations or zone boundaries." *Olson* v. *Avon,* supra, 143 Conn. 454.[6]

The town council's desire to be heard can be satisfied by its seeking to file an amicus curiae brief with the court without upsetting the division of powers mandated by the zoning enabling act. Cf. *Thalheim* v. *Greenwich,* 256 Conn. 628, 644–46, 775 A.2d 947 (2001).

The factual allegations of the town council's pleading are insufficient to support its claim for relief, viz., that it be permitted to intervene as a party in this appeal, for the reasons previously stated. Therefore, the motion to strike its intervention petition is granted. See *Fort Trumbull Conservancy, LLC* v. *Alves,* 262 Conn. 480, 497–502, 815 A.2d 1188 (2003).

---

[6] The Supreme Court was commenting on the legislature's repeal of a short-lived provision in an earlier version of the zoning enabling act that required an affirmative vote of a town's legislative body to approve any amendment of a zoning regulation when a majority of those present at the zoning commission's hearing on the amendment opposed the change. It should be remembered that the only power towns like Stratford have to regulate land use is the power granted to them by the legislature, and that power can be exercised only in conformity with the zoning enabling act. See, e.g., *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 490, 547 A.2d 528 (1988).