## JENSEN'S, INC., ET AL. v. TOWN OF KILLINGWORTH ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 15—decided December 15, 1964

*Ralph C. Dixon,* with whom were *John B. Kidney* and *William H. Cuddy,* for the appellants (defendants).

*William M. Citron,* with whom was *Jordan L. Bushnell,* for the appellees (plaintiffs).

MURPHY, J. The trial court, after making minor corrections in the findings of fact in the report of the referee, overruled the referee's conclusion that zoning had been legally adopted in the town of Killingworth on May 8, 1957, and that no constitutional rights of the plaintiff had been violated. The court rendered judgment that the ordinances passed to establish zoning in the town and the regulations adopted thereunder were invalid. The defendants appealed.

We are concerned solely with the court's conclusion that a 1947 amendment to the zoning statutes materially changed the procedure essential to the adoption of zoning under the General Statutes, and that the failure of the town specifically to adopt the provisions of the chapter on zoning and to have included in the warning of the town meeting notice that the adoption of that chapter was contemplated,

rendered ineffectual the ordinances designating the board of selectmen as the zoning commission and providing for the creation of a zoning board of appeals and the election of its members.

On April 29, 1957, the selectmen issued a warning for a town meeting to be held on May 8 to consider three matters. The notice read as follows: "Notice is hereby given to the legal voters and those entitled to vote in town meeting that a special town meeting will be held in the Killingworth Town Hall on Wednesday, May 8, 1957 at 8:00 P.M. for the following purposes: 1. To consider and take action on the following proposed town ordinance: 'An Ordinance to Establish a Zoning Commission. In pursuance of the authority granted in Chapter 43 of the 1949 Revision of the General Statutes of the State of Connecticut, as amended, and to promote the health, safety, convenience, and welfare of the inhabitants of the Town of Killingworth, the Board of Selectmen of said Town of Killingworth is hereby empowered to act as the zoning commission and to assume the powers and duties of such a commission as defined under the appropriate General Statutes of the State of Connecticut.' 2. To consider and take action on the following proposed town ordinance: 'An Ordinance to Establish a Zoning Board of Appeals. In accordance with the provisions of Chapter 43 of the 1949 Revision of the General Statutes of the State of Connecticut, as amended, and for the purposes contained therein, a Zoning Board of Appeals is hereby established consisting of five members who shall be elected for the terms specified hereunder: . . . [staggered terms were provided for the members of the initial board and six-year terms for their successors.]' 3. To elect members of the Zoning Board of Ap-

peals." At the meeting, the proposed ordinances were overwhelmingly adopted. Thereafter, the zoning commission adopted zoning regulations which became effective on May 25, 1957.

The legality of the ordinances and the regulations depends on the interpretation of the first sentence in § 373d of chapter 43 of the 1955 Cumulative Supplement (as amended, General Statutes § 8-1), which was in effect in 1957. Section 373d read: "Zoning commissions. Any municipality may, by vote of its legislative body, . . . adopt the provisions of this chapter and exercise through a zoning commission the powers granted hereunder. In each town, except as otherwise provided by special act, the zoning commission shall consist of five members who shall be electors of said town and whose method of selection and terms of office shall be determined by local ordinance except that, in towns having a population of less than five thousand, the selectmen may be empowered by such ordinance to act as such zoning commission. In each city or borough, except as otherwise provided by special act, the board of aldermen, council or other duly constituted board or authority having power to adopt ordinances for the government of such city or borough shall act as such zoning commission. The zoning commission of any town shall have jurisdiction over that part of the town outside of any city or borough contained therein."

The legislative body in Killingworth is the town meeting. The trial court held that before a valid ordinance could be enacted providing for the appointment of a zoning commission and the establishment of a zoning board of appeals, it was necessary for the town meeting to adopt specifically the provisions of chapter 43. Undoubtedly, such a course

would eliminate any question of the intent of the town's legislative body. See *Olson* v. *Avon,* 143 Conn. 448, 449, 123 A.2d 279. In that case, we stated (p. 452): "The significant provision in this section [§ 373d] is that the zoning powers of a town are to be exercised through its zoning commission." Section 373d was originally enacted as Public Acts 1947, No. 418, § 1. Sup. 1947, § 121i (Rev. 1949, § 836). The first sentence in the 1947 act, with but minor changes, is the first sentence of § 373d, now General Statutes § 8-1. Prior to the enactment of the 1947 act, zoning commissions in towns consisted of five members appointed by the town. Rev. 1930, § 423. The 1947 act permitted towns of less than 5000 population either to have a five-member commission composed of electors whose terms were to be determined according to ordinance or to designate the selectmen to act as the commission. Another change effected by the 1947 act was in the manner of selecting the members of town zoning boards of appeal. Theretofore, in each town, they had been appointed by the zoning commission. Rev. 1930, § 427. Section 5 of Public Acts 1947, No. 418, provided for their election from electors who were not members of the zoning commission. Sup. 1947, § 125i (Rev. 1949, § 841). That these changes were the underlying reasons for the act is borne out by the statement of purpose of the original bill. "To amend the zoning enabling act clarifying the powers of the board of appeals and modifying the operation of zoning commissions." S.B. 236, 1947 Sess. We do not believe that it is necessary to construe the first sentence in § 373d, as the trial court has done, as though it read: "Before any municipality shall exercise the powers granted hereunder through a zoning commission, the legislative body of the

municipality must adopt the provisions of this chapter." We construe the sentence as requiring of the municipality's legislative body an affirmative act in which the intent to utilize the zoning provisions of the general enabling act is expressed. That was the purpose and effect of the ordinances enacted in Killingworth on May 8, 1957. *Madison* v. *Kimberly,* 118 Conn. 6, 10, 169 A. 909.

In the warning of the town meeting and the publication of the proposed ordinances it was stated that the action by the town was to be in pursuance of the authority granted in chapter 43 of the 1949 Revision, as amended. That chapter is now chapter 124 of the General Statutes. The legal voters in the town could not but understand from the warning that by enacting the proposed ordinances they were subjecting the use of their property and that of their friends and neighbors to regulation under zoning and in so doing were adopting the provisions of chapter 43. The real object for which the meeting was called was not left in doubt, and the warning was sufficient to inform the voters of what was fairly intended to be the business of the meeting. *State ex rel. Johnson* v. *Atchison,* 105 Conn. 315, 324, 135 A. 456, and cases cited. The warning was sufficient to comply with what is now General Statutes § 7-3.

The referee in his report concluded that the named plaintiff was using its property for a mobile and compact home park at the time the zoning regulations became effective on May 25, 1957, and therefore was entitled to continue its use for that purpose as a nonconforming use subject to the applicable regulations. The defendants have assigned as error the failure of the trial court to reject these conclusions. As the court pointed out, this step on the part

of the defendants came too late. The defendants filed no exceptions to the acceptance of the report by the court in accordance with Practice Book, 1951, § 174 (now Practice Book, 1963, § 360), and therefore the conclusions must stand.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.