CARL PUSKARZ ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 9—decided July 13, 1967

*Thomas H. Corrigan,* for the appellant (defendant Veteran Volunteer Firemen's Association of Hartford), with whom were *Nathan Aaron,* for the appellant (defendant Martin), and, on the brief, *Richard M. Cosgrove,* corporation counsel, for the appellant (named defendant).

*Jules S. Tarlow,* with whom was *Leonard I. Shankman,* for the appellees (plaintiffs).

RYAN, J. The defendants the Veteran Volunteer Firemen's Association of Hartford and James G. Martin applied to the defendant board for a variance of the zoning ordinance of the city of Hartford to permit them to construct a 120-bed convalescent home in a B residence zone, with parking for a total of fifty-two cars at 680 Franklin Avenue in the city of Hartford. On July 20, 1965, the board granted the application. The plaintiffs, owners of property at 701 Franklin Avenue, located diagonally across the street from the subject property, appealed to the Court of Common Pleas. From the judgment of the trial court sustaining the appeal and reversing the action of the board, the defendants have appealed to this court.

Because of the inadequacy of the record, and for the purpose of determining the issue of the plaintiffs' aggrievement, the trial court permitted additional evidence to be introduced. On the basis of this evidence, the court made a special finding of facts.

Franklin Avenue runs north and south and is a main thoroughfare about 100 feet wide. The property in question is on the east side of the street in the block bounded on the north by Bolton Street, on the east by Wethersfield Avenue, and on the south by Victoria Road. It has a frontage of 194 feet and a depth of 500 feet. A building is located thereon set back about 325 feet from Franklin Avenue. A seventy-two-inch brick sewer owned by the Metropolitan District crosses the property from north to south diagonally. A twelve-foot conduit crosses the southern portion of the property, and a sanitary sewer passes through the northern portion of it. The Ukrainian Hall fronting on Wethersfield Avenue, a two-story building, is located to the rear and east of the premises. A playground owned by

the city of Hartford is located to the southeast of the subject property. The Victoria Convalescent Hospital is situated on the south side of Victoria Road, 150 feet west of Wethersfield Avenue, the next street to the east of Franklin Avenue.

In a B residence zone the following are permitted uses: Parks, single-family detached dwellings, detached and semidetached dwellings for two families, and customary home occupations such as dressmaking and millinery when situated in the same building used as a private residence by the person carrying on the occupation. Hartford Zoning Ordinance § 38-7 (1960, as amended). Section 38-7 (C) of the ordinance permits the following uses in a B residence zone as special exceptions: Conversion of existing dwellings into dwelling units for not more than four families, groups of one-family, two-family or multifamily dwellings. Section 38-8 concerns a special exception for high-rise apartments in a B residence zone. A convalescent home is neither a permitted use nor a special exception in a B residence zone.

The trial court concluded that the board, in granting the variance, acted illegally, arbitrarily and in abuse of its discretion in that (1) it granted the variance without any finding of difficulty or unreasonable hardship in carrying out the strict letter of the ordinance; (2) no evidence was presented to show that the premises were not adaptable to the uses permitted in a B residence zone; and (3) no evidence was presented to show that either Martin, as the prospective purchaser, or the Veteran Volunteer Firemen's Association, as the owner, will suffer any unreasonable hardship by the strict application of the zoning ordinance. The court also concluded that the notice of the hearing before the board on

July 6, 1965, did not constitute proper notice of the application for a variance, and that compliance with the notice requirements of § 8-7 of the General Statutes was a prerequisite to any valid action by the board on the ground that the statute supersedes the notice requirements of chapter 19, § 11, of the Hartford city charter. 25 Spec. Laws 87 § 11; 28 Spec. Laws 843, No. 641 § 6.

The first question to determine is whether notice of the hearings before the zoning board of appeals in the city of Hartford is governed by § 8-7 of the General Statutes or by chapter 19, § 11, of the Hartford charter and by § 38-27 (5) of the Hartford zoning ordinance. The charter provides for hearings by the board "on petition after public notice and hearing and subject to appropriate conditions and safeguards." Section 38-27 (5) of the zoning ordinance uses the identical language of the charter. Notice of the hearing of July 6, 1965, was given by publication in a newspaper on two successive days, June 28 and June 29, 1965, and by posting a sign concerning the hearing for a period of three days on the subject premises. Section 8-7 provides: "Notice of the time and place of such hearing [before the zoning board of appeals] shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing." Chapter 124 of the General Statutes (§§ 8-1—8-13) is a general zoning enabling act. "Any municipality may, by vote of its legislative body, adopt the provisions of this chapter and exercise through a zoning commission the powers granted hereunder." § 8-1. This court construed this statute "as requiring of the

municipality's legislative body an affirmative act in which the intent to utilize the zoning provisions of the general enabling act is expressed." *Jensen's, Inc.* v. *Killingworth,* 152 Conn. 237, 242, 206 A.2d 114. There is nothing in the record to indicate that the legislative body of the city of Hartford ever took such action. It is necessary, however, to examine the other sections of chapter 124 to determine whether the legislature expressed an intention to except § 8-7 from the provisions of § 8-1. Section 8-10 provides: "The provisions of sections 8-8 and 8-9 shall apply to appeals from zoning boards of appeals, zoning commissions or other final zoning authority of any municipality whether or not such municipality has adopted the provisions of this chapter and whether or not the charter of such municipality or the special act establishing zoning in such municipality contains a provision giving a right of appeal from zoning boards of appeals or zoning commissions and any provision of any special act, inconsistent with the provisions of said sections, is repealed." Section 8-8 provides for appeals from the zoning board of appeals to the Court of Common Pleas, and § 8-9 provides for appeals from zoning commissions and planning and zoning commissions to the Court of Common Pleas in the manner provided by § 8-8. By adopting the provisions of § 8-10, the legislature evidenced its intention to make the provisions of §§ 8-8 and 8-9 applicable to every municipality in the state. Had the legislature intended to except the provisions of § 8-7 from the provisions of § 8-1, it could have done so in the same way. Since no such action was taken by the legislature, we must conclude that the provisions of § 8-7 do not apply to the city of Hartford, nor to any munici-

pality which has not adopted the general enabling act as provided in § 8-1. It cannot be said therefore that there was any failure to give proper notice of the hearing before the board.

The court's conclusion that the plaintiffs are aggrieved parties because of the depreciation in value of their property which would result from the construction of a convalescent home, and the increased traffic incident thereto, is amply supported by the evidence.

As to the applicants' claim of difficulty or unreasonable hardship in carrying out the strict letter of the ordinance, we note that the applicants made no such claim in their application to the board for a variance. In the application they were required to state "the particular hardship or unnecessary difficulty that prompts this application." The following reason was offered by them: "Presently is a nonconforming use. The proposed use will make for a quieter, enjoyable neighborhood, and make for a more compatible use with the residential properties abutting this property." The board granted the variance without any finding of difficulty or unreasonable hardship in carrying out the strict letter of the ordinance. No evidence was presented to show that the premises were not adaptable to the uses permitted in a B residence zone or that the applicants will suffer unreasonable hardship by the strict application of the ordinance.

The conclusion of the trial court that the board acted illegally, arbitrarily and in abuse of its discretion cannot be disturbed.

There is no error.

In this opinion the other judges concurred.