[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the approval by the Canton Zoning Commission of Carrier Enterprise Inc.'s application for a zone change. The property in question is a 29.1 acre parcel located in the Town of Canton. As a result of the Zoning Commission's decision, the zone was changed from a Residential District to a Mixed Residential District. The zone change is necessary to accommodate a mixed multi-family and single family development on the property. The application was submitted as an Affordable Housing Development pursuant to General Statutes § 8-30g. As proposed, the Development would contain a so-called "high rise" building.
This appeal is brought by a nearby property owner who described her residence as being located "right down the street", more than 100 feet away from the parcel in question. Both the CT Page 2704 plaintiff's property and the proposed Development are located on a one-lane windy road. In paragraph 8 of her complaint the plaintiff alleges that the decision of the defendant "will adversely affect her use of her property by allowing substantial traffic congestion, noise, overburdening of wells and water supply systems, increased potential for pollution of ground water and streams by runoff and septic system failure." In support of her claim of aggrievement the plaintiff testified that the density of the proposed project and the type of structure involved would result in an increase in traffic and a decline in her property value. She did not present any evidence in support of either of these specific concerns or the allegations made in paragraph 8 of her complaint.
The defendant moves to dismiss this appeal because the plaintiff has failed to prove that she is aggrieved. The parties agree that the plaintiff is not statutorily aggrieved, as defined by General Statutes § 8-8 (1), in that she lives more than 100 feet from the property in question. Plaintiff must therefore demonstrate that she is classically aggrieved. She must show:
 [a] specific, personal and legal interest in the the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish its personal and legal interest has been specially and injuriously affected by the decision.
Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 295, 307-08 (1991).
The plaintiff may not establish aggrievement by proving "mere generalization and fears." Sheridan v. Planning Board, 159 Conn. 1,4 (1970). While a depreciation in property values may, upon adequate proof, be sufficient to confer standing; Puskarz v.Zoning Board of Appeals, 155 Conn. 360 (1967); the mere assertion of such a claim, in the absence of any credible supporting evidence, does not support a finding of aggrievement. Sachem'sHead Assn v. Lufkin, 168 Conn. 365 (1975). In this case, the plaintiff relies exclusively on her unsubstantiated conclusion that her property value will decline as a result of the zone change. This is insufficient to demonstrate aggrievement. Id.
CT Page 2705
Finally, the plaintiff also alleges that the defendant's approval of the change of zone will result in increased traffic. This general assertion is inadequate to support a finding of aggrievement. See, Walls v. Planning Zoning Commission,176 Conn. 475, 477 (1979), holding that "concern, fear and apprehension that the subdivision approval might result in increased traffic" constituted "unsubstantiated fears of the plaintiff [that] did not establish aggrievement."
Because the plaintiff is not aggrieved, this court lacks subject matter jurisdiction over her appeal. Hughes v. TownPlanning Zoning Commission of Town of North haven, 156 Conn. 505
(1968). Accordingly, the plaintiff's appeal is dismissed.
SO ORDERED
ROBERT L. HOLZBERG