[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#104)
The plaintiff, William T. Esposito, appeals from the decision of the defendant, the Hamden Planning and Zoning Commission, approving the special permit application of the defendant, Mix Avenue, LLC. Mix Avenue moves to dismiss on the ground that the court lacks subject matter jurisdiction over this appeal as Esposito lacks standing because he is not aggrieved.
CT Page 11932 "[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). "Aggrievement falls within two broad categories, classical and statutory." (Internal quotation marks omitted.) Cole v. Planning Zoning Commission,30 Conn. App. 511, 514, 620 A.2d 1324 (1993). Esposito alleges aggrievement as "the owner of property abutting and within 100feet of the Hotel Property which is the companion application andproject to the property subject to this appeal. The development as proposed by [Mix Avenue] is a companion to and linked with the Hotel Development and Property and as such, the plaintiff is aggrieved as an abutter of the Hotel Property, is aggrieved pursuant to the Connecticut General Statutes and is further aggrieved because the decision adversely [affects] his property interests." (Emphasis added.) (Appeal, ¶ 16).
General Statutes § 8-8(a)(1) provides, in pertinent part, "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." "The category in the statutes which gives standing to appeal based solely on status as an abutting landowner . . . is called `statutory aggrievement.'" R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 32.4, p. 533. Esposito fails to plead statutory aggrievement. He alleges he abuts the property involved in the companion application, but he does not allege that he abuts, or is within 100 feet of, the parcel involved in the commission's decision on the present application.
To establish classical aggrievement, a plaintiff must demonstrate that he has "a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that [he was] specially and injuriously affected in [his] property or other legal rights." (Internal quotation marks omitted.) Caltabiano v. Planning Zoning Commission,211 Conn. 662, 668, 560 A.2d 975 (1989). "Allegations and proof of mere generalizations and fears are not enough to establish aggrievement." Hughes v. Town Planning Zoning Commission,156 Conn. 505, 508, 242 A.2d 705 (1968). "Aggrievement is established, [however,] if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected." Pomazi v. ConservationCommission, 220 Conn. 476, 483, 600 A.2d 320 (1991). CT Page 11933
Here, Esposito merely alleges that the commission's "decision adversely [affects] his property interests." (Appeal, ¶ 16). He buttresses this allegation with an affidavit attached to his opposition to Mix Avenue's motion. He attests that his property interest "will be adversely affected by reducing the value of the property; by increasing traffic and congestion; by increasing noise and light pollution; all of which are particular to my property." (Affidavit, ¶ 7).
A depreciation in property values, if supported by the evidence, may confer standing to appeal. See Puskarz v. ZoningBoard of Appeals, 155 Conn. 360, 366, 232 A.2d 109 (1967). Similarly, evidence that a particular use will generate "noise, traffic, fumes and lights" may be sufficient to establish aggrievement. See Krejpcio v. Zoning Board of Appeals,152 Conn. 657, 660-61, 211 A.2d 687 (1965). Esposito's appeal and affidavit, however, merely set forth fears and generalizations concerning such matters.
"Affidavits are insufficient to determine facts unless, like a motion for summary judgment, they disclose there is no genuine issue of material fact." R. Fuller, 9 Connecticut Practice Series, supra, § 27.2, p. 493. "When a motion to dismiss raises a question of fact not determinable from the record, such as lack of aggrievement, an evidentiary hearing is required to allow the opposing party to present evidence and cross-examine adverse witnesses." Id. Therefore, this matter should be scheduled for an evidentiary hearing to permit Esposito to present evidence concerning aggrievement. Counsel are directed to contact the undersigned to arrange a hearing re classical aggrievement.
John W. Moran, Judge.