[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court as a zoning board appeal. It arises out of a long, protracted and rather complex history among the parties surrounding the proposed construction of a Magnet School in New Haven on a site located in the Hill/City Point Neighborhood.
The plaintiffs, Francisco Portillo, Charlene Portillo, Stanley W. Lysak, Etta Lysak, Eleanor Trickett, Fernando Ramos, Maria Fernanda Ramos, Theresa Laudano and Wei Xing Lin, bring this appeal pursuant to General Statutes section 8-8. The defendants, the City of New Haven, the New Haven Board of Zoning Appeals ("ZBA"), and the City of New Haven Board of Education ("Board of Education") filed briefs in opposition to the appeal.[1]
BACKGROUND
By way of background, in 1996, the City of New Haven and the New Haven Board of Education jointly implemented a multi-phased program that includes the construction of an arts magnet middle school for students between the fifth and eighth grades. (Return of Record ["ROR"], Exhs. A12, p. 5; A53, pp. 3-4.)[2] The chosen location for the school is a 4.4 acre site along Kimberly Avenue, New Haven, Connecticut. (ROR, Exh. D.) The proposed site was formerly the location of Saint Peter's Roman Catholic Church, also known as St. Peter's Complex, which included a convent and parochial school. (ROR, Exh. M.) The construction of the school would require the closure of a portion of Second Street and the demolition of some of the existent buildings on the site. (ROR, Exh. M.)
On May 12, 2000, the Board of Education submitted applications for a special exception and variance with the ZBA. (ROR, Exh. P.) The applications requested a special exception reducing the number of parking spaces required for the school and a variance with respect to the building coverage, building height and yard requirements. (ROR, Exh. P.) On May CT Page 12059 17, 2000, the Board of Education notified the ZBA that it had inadvertently submitted the above applications instead of an application for a special exception to build a Planned Development Unit (PDU). (ROR, Exh. C.) The Board of Education provided the ZBA with the proper application and further requested that the materials submitted with the original applications be incorporated. (ROR, Exhs. C, D.)
The ZBA convened a public hearing on June 13, continued to July 12, 2000. (ROR, Exhs. A53, Q.) At the hearing held on July 12, 2000, following the presentation of testimony both for and against the application, the ZBA unanimously approved the Board of Education's application. The ZBA made the following findings: (1) the application serves the public welfare; (2) the application satisfies the requirements of the zoning ordinance with respect to the special exception; and (3) the opposition to the application carried little weight. (ROR, Exh. Q.) On July 17, 2000, notice of the ZBA's decision was published in the NewHaven Register. (ROR, Exh. O.)
The plaintiffs, thereafter, filed this appeal alleging that the defendant ZBA acted I arbitrarily, illegally and in abuse of its discretion in approving the special exception application. The plaintiffs set forth seventeen claimed errors, which can be summarized as follows: (1) the ZBA did not provide adequate notice; (2) the application did not comply with the zoning ordinance; (3) the ZBA's adoption of the report of the city plan commission violated the plaintiffs' due process rights; (4) the decision was unsupported by the record and was contrary to the zoning ordinance; and (5) the ZBA failed to consider the requirements set out in General Statutes § 22a-106. The plaintiffs enumerated in their brief the two central issues presented in this appeal: (1) Whether the plaintiffs are aggrieved by the defendant ZBA's approval of the applicants appeal for variances and whether the appeal is timely; and (2) Whether the defendant ZBA erred and acted illegally or arbitrarily and in abuse of its discretion, in approving the application for a PDU: (a) Whether the regulation exceeds the power conferred by zoning; (b) Whether the failure of the ZBA to provide the plaintiffs with personal notice renders the decision invalid; and (c) Whether the application met the requirements for a special exception. For reasons more fully set forth below, this court upholds the decision of the Zoning Board and finds in favor of the defendants.
This court conducted a hearing, at which all parties had the opportunity to present evidence in the form of witness testimony and exhibits. All parties were additionally afforded the opportunity to make their legal arguments. All of which have been duly considered by this court. CT Page 12060
JURISDICTION
In order for this court to have jurisdiction to entertain this appeal, the plaintiffs must establish two conditions: that they are aggrieved and that the appeal was properly served. It is well settled that "[p]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." (Citation omitted; internal quotation marks omitted.) Harris v. Zoning Commission,259 Conn. 402, 409, 788 A.2d 1239 (2002). The plaintiffs allege aggrievement as abutting landowners or as owners of property within 100 feet of any portion of the land subject to the application.
General Statutes § 8-8 (a)(1) states in relevant part that an "[a]ggrieved person means any person aggrieved by a decision of a board. . . . In the case of a decision by a . . . zoning board of appeals . . . "aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1). The plaintiffs presented warranty deeds indicating that they are the owners of property abutting or within 100 feet of the land subject to the application. (ROR, Plaintiffs' Exhs. A54, 1.) The court therefore finds that the plaintiffs are aggrieved parties.
General Statutes § 8-8 (b) provides in relevant part that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) [now subsections (f) and (g)] of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Service of process "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8 (e), now § 8-8 (f). The record contains an affidavit of publication attesting that notice of the ZBA's decision was published in the New Haven Register on July 17, 2000. (ROR, Exh. O.) On August 1, 2000, this appeal was commenced by service of process on Stanley Rogers, city clerk, Murray Trachten, chairman of the ZBA and Dr. Carlos Torres, chairman of the Board of Education. Accordingly, this appeal was commenced in a timely manner by service of process on the proper parties.
Thus the plaintiffs have proven the first issue presented. The court now considers the next issue, with its three sub-parts. CT Page 12061
WHETHER DEFENDANT ZBA ACTED ILLEGALLY OR ARBITRARILY
"When ruling upon an application for a special permit, a . . . zoning board acts in an administrative capacity." Irwin v. Planning ZoningCommission, 244 Conn. 619, 627, 711 A.2d 675 (1998). "Although it is true that the [zoning board of appeals] does not have discretion to deny a special permit when the proposal meets the standards, it does have discretion to determine whether the proposal meets the standards set forth in the regulations. If, during the exercise of its discretion, the [board] decides that all of the standards enumerated in the special permit regulations are met, then it can no longer deny the application. The converse is, however, equally true. Thus, the [board] can exercise its discretion during the review of the proposed special exception, as it applies the regulations to the specific application before it." Id., 628.
"The Superior Court's scope of review is limited to determining only whether the board's actions were unreasonable, arbitrary or illegal. . . . Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the [board] was required to apply under the zoning regulations." (Citations omitted; internal quotation marks omitted.) RRPool Patio, Inc. v. Zoning Board of Appeals, 257 Conn. 456, 470,778 A.2d 62 (2001). "The [decision] must be sustained if even one of the stated reasons is sufficient to support it." (Internal quotation marks omitted.) Stancuna v. Zoning Board of Appeals, 66 Conn. App. 565, 571,785 A.2d 601 (2001). "It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Internal quotation marks omitted.) RR Pool Patio, Inc. v.Zoning Board of Appeals, supra, 257 Conn. 470.
"The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings." (Internal quotation marks omitted.) Wing v. Zoning Boardof Appeals, 61 Conn. App. 639, 644, 767 A.2d 131, cert. denied,256 Conn. 908 (2001). "[E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.)Norwood v. Zoning Board of Appeals, 62 Conn. App. 528, 532, 772 A.2d 624
(2001).
Section 65: Does it Exceed the Authority Granted to Zoning Boards byChapter 124 of General Statutes?
CT Page 12062
The plaintiffs position is that section 65, which provides New Haven's provision for planned development, is an illegal section because it does not conform to the requirements of General Statutes section 8-2 (a). The defendants counter this position by citing to the fact that New Haven is a "charter" or "special act" jurisdiction.
"Municipalities in Connecticut may exercise zoning power either by adopting the provisions of chapter 124 of the General Statutes, §§ 8-1
through 8-13 a, or by enacting a municipal charter authorized by a special act of the legislature . . . . In either case, the power of the local zoning authority to adopt regulations is limited by the terms of the statute or special act." (Citation omitted; internal quotation marks omitted.) Smith v. Zoning Board of Appeals, 227 Conn. 71, 81 n. 7,629 A.2d 1089 (1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1190,127 L.Ed.2d 540 (1994).
The city of New Haven exercises its zoning authority by virtue of its charter. Sullivan v. Town Council, 143 Conn. 280, 282, 121 A.2d 630
(1956); Bridgeview Associates v. Board of Zoning Appeals, Superior Court, judicial district of New Haven, Docket No. CV 96 0388098S (February 24, 1998, Downey, J.). "The charter serves as an enabling act, both creating power and prescribing the form in which it must be exercised . . . . Agents of a city, including commissions, have no source of authority beyond the charter." (Citation omitted; internal quotation marks omitted.) Smith v. Zoning Board of Appeals, supra, 227 Conn. 82. As a special act jurisdiction, New Haven is empowered to draft legislation more broadly or more narrowly than that of jurisdictions deriving their zoning authority from General Statute section 8-2 (a). Therefore, this court finds that section 65 is not illegal, as the plaintiffs argue.
Notice: Did the ZBA comply with the notice provisions of the pertinentacts?
Section 63.E provides that the ZBA must "give notice of any such hearing at least (7) days prior to the applicant filing the application, to the property owners whose property is located within and including a distance of 200 feet as measured from all boundaries of the property which is the subject of such appeal (if such property is within the city). . . except that in cases of special exceptions involving areas of unusually large size, the Board may give such reasonable notice as it may prescribe."
A Zoning Board of Appeals must comply with its own notice requirements. Puskarz v. Zoning Board of Appeals, 155 Conn. 360, 364-66
CT Page 12063 (1967). Section 63.E requires individual notice to nearby property owners. The evidence presented during the hearing before this court supported the conclusion that the defendant ZBA failed to provide individual notice, although it did provide posting and publication notification of the hearings. None of the individual plaintiffs was present at the ZBA hearing. However, plaintiff Wei Xing Lin was represented by counsel, Attorney Lambert, at the hearing.[3]
Notice must be such as to "fairly and sufficiently apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." Kleinsmith v. Planning and Zoning Commission, 157 Conn. 303,310, 254 A.2d 486 (1968). The purpose of personal notice requirements is to provide actual notice of administrative proceedings. Lauer v. ZoningCommission, 220 Conn. 455, 462, 600 A.2d 310 (1991). "[The] failure to give personal notice to a specific individual is not a jurisdictional defect. . . and that [l]ack of personal notice may be waived by the party entitled to it." (Citations omitted; internal quotation marks omitted.) Id.; Schwartz v. Hamden, 168 Conn. 8, 15, 357 A.2d 488 (1975) (attendance at public hearing waives any claim attributed to defect in personal notice). Additionally, not all flaws in notice are fatal. Cocivi v.Planning and Zoning Commission, 20 Conn. App. 705, 708, 570 A.2d 226
(1990).
"[Courts] must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search fortechnical infirmities in their actions. . . ." (Emphasis in original; internal quotation marks omitted.) Quarry Knoll II Corp. v. Planning Zoning Commission, 256 Conn. 674, 730-31, 780 A.2d 1 (2001).
The record reflects that the ZBA published notice of the hearing on 10 consecutive days in the New Haven Register. Further, although the ZBA had previously mailed notice personally to the plaintiffs, the record is silent as to whether or not such notice was mailed, pursuant to section 63.E for the ZBA hearing at issue in this case. The plaintiffs assert that they did not receive notice of the ZBA hearings by mail. The plaintiffs also assert that they did not waive personal notice. However, the plaintiffs do not state that they lacked actual knowledge of the hearing.
This court finds that Attorney Lambert's appearance at the hearing on behalf of plaintiff Lin, wherein Attorney Lambert failed to address or raise the issue of personal notice to Mr. Lin, constitutes a waiver of plaintiff Lin's claim to personal notice. As to the claims of the remaining plaintiffs, this court finds that the defendants third and CT Page 12064 fourth arguments addressing this issue have merit: the notice provisions of 63.E are not absolute. The ZBA is vested with discretion to alter the form of notice provided, notwithstanding its previous mailing of individual notice; and the remedy for defective notice (a remand with an order to provide the requisite notice) would provide little, in the instant matter, because a full and complete hearing was provided by the ZBA wherein supporting and opposing positions where presented. Additionally, in the absence of an affirmative assertion by the plaintiffs, under oath, that they did not know about the hearing, the alleged violation is a mere technical one, which can not, without more, render the ZBA's decision invalid.
Accordingly, this court finds that the notice was sufficient in this case, and that any insufficiency was not enough to render the ZBA's decision invalid.
The Application: Did it Comply with the Requirements for a SpecialException?
Section 65 sets forth the criteria for the granting of special exception. Under that section, an application is required to do the following:
 The proposed modifications of existing zoning, and shall be accompanied by General Plans, including contoured site plans. The General Plans shall show the improvements to be erected upon the tract, the open spaces to be provided, the nature and location of the proposed use or uses, the relationship of the proposed development to surrounding properties, and other pertinent information.
The plaintiffs contend that the Board of Education's application was filed late, in violation of section 65 and that the requisite information was not provided with the application. The defendants counter that any lateness of the filing was implicitly excused by the ZBA, and that all the required material was presented and considered in connection with the application.
"Generally, it is the function of the zoning board . . . to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." (Internal quotation marks omitted.) Schwartz v. Planning ZoningCommission, 208 Conn. 146, 152, 543 A.2d 1339 (1988). "Although the position of the municipal land use agency is entitled to some deference . CT Page 12065 . . the interpretation of provisions in the ordinance is nevertheless a question of law for the court . . . . The court is not bound by the legal interpretation of the ordinance by the town. Rather, the court determines legislative intent from the language used in the regulations. . . . We interpret an enactment to find the expressed intent of the legislative body from the language it used to manifest that intent . . . (Citations omitted; internal quotation marks omitted.) Coppola v. Zoning Board ofAppeals, 23 Conn. App. 636, 640, 583 A.2d 650 (1990).
"Since zoning regulations are in derogation of common law property rights, however, the regulation cannot be construed beyond the fair import of its language to include or exclude by implication that which is not clearly within its express terms. . . . The words employed by the local legislative body are to be interpreted in accordance with their natural and usual meaning . . . and any interpretation that would torture the ordinary meaning of the words to create ambiguity will be rejected . . . . Common sense must be used in construing the regulation, and [the court] assume[s] that a rational and reasonable result was intended by the local legislative body." (Citations omitted.) Spero v. Zoning Boardof Appeals, 217 Conn. 435, 441, 586 A.2d 590 (1991).
"While a commission may have discretion to deny an application because it is incomplete . . . the rule is that [an application] must be in substantial compliance with the applicable regulations." Westphal v. TownPlan Zoning Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV99-363114S (May 10, 2002, Thim, J.) "Substantial compliance with a statute or regulation is such compliance with the essential requirements of the statute or regulation as is sufficient to assure its objectives. What constitutes a substantial compliance is a matter depending on the facts of each particular case."Mollica v. Middlebury Planning Zoning Commission, Superior Court, judicial district of Waterbury, Docket No. CV99-0155623S (Dec. 18, 2001,West, J.).
The ZBA accepted and adopted the conclusion of the City Plan Commission that all information required was submitted with the Application. From the record, there is ample support for this conclusion. The PDU Application stated the proposed modifications; provided general plans, including architectural and site plans; stated the Nature and Location of Proposed Uses. Additionally, the ZBA's conclusion that the application satisfied the requirements of section 65 is supported by evidence in the record.
The acceptance by the Chair of the ZBA of the application after the written explanation by Superintendent Reginald Mayo of the inadvertent CT Page 12066 previous filing of the Variance Application instead of the PDU Application, constitutes an implicit granting of the request to substitute applications. The Variance Application had been timely filed. Therefore, the PDU Application may be deemed timely filed, too. This issue, which was not raised at the hearing, does not render the ZBA decision invalid.
For the reasons set forth in this decision, the court finds in favor of the defendants in this Zoning Board Appeal.
____________________ Robinson-Thomas, J